*893 TEXTO COMPLETO DE LA SENTENCIA
Comparece el recurrente Stewart Title Guaranty Company (Stewart o el recurrente) y solicita revisión de una Resolución Administrativa emitida por la Comisionada de Seguros de Puerto Rico (Comisionada o la recurrida) el 29 de junio de 2007 y notificada el 2 de julio del mismo año.
En virtud de la referida resolución, la Oficina del Comisionado de Seguros (OCS) determinó que la recurrida había actuado correctamente al imponer a Stewart los pagos relacionados a deficiencias por concepto de contribuciones sobre primas de seguros. Stewart solicitó reconsideración el 20 de julio de 2007, la cual fue denegada mediante Resolución del 31 de julio de 2007.
Por los fundamentos que exponemos a continuación, revocamos la resolución emitida por la Comisionada de Seguros de Puerto Rico.
I
Stewart es una corporación autorizada a realizar negocios en Puerto Rico como aseguradora, a tenor con el Código de Seguros de Puerto Rico, 26 L.P.R.A. §101 et seq., y la Ley General de Corporaciones de 1995, 14 L.P. R.A. §1 et seq.
El 24 de febrero de 1997, Stewart remitió a la OCS el pago de $5,180.00 por concepto de pago de *894 contribución sobre prima del año 1996 y el 23 de febrero de 1998 remitió $18,917.00, correspondiente al año contributivo 1997. El 15 de febrero 1999, la recurrente remitió a la OCS el pago de $28,633.00 por concepto de pago de contribución sobre prima correspondiente al año 1998, y el 18 de febrero de 2000 emitió un pago de $33,582.00 correspondiente al año contributivo 1999. Entre los años 2000 a 2002, Stewart remitió, además, a la OCS pagos por concepto de contribución sobre primas por $20,738.00 y $24,327.00, correspondiente a los años contributivos 2000 y 2001 respectivamente.
La recurrente presentó a tiempo todas sus planillas de contribuciones sobre ingresos provenientes de primas de seguros para los años 1996 a 2002. Conforme a los criterios que exige la National Association of Insurance Commissioners, o NAIC, :Asociación reguladora de las compañías aseguradoras en los EE.UU.,- Stewart presentó anualmente el formulario T Schedule, [1] que opera como el informe anual de una aseguradora frente a la NAIC. En este formulario aparece detallada toda información proveniente de seguros de título en todos los lugares donde la corporación opera como aseguradora. Utilizando este informe anual presentado ante la OCS, la Comisionada determinó que Stewart habí a incurrido en una deficiencia contributiva.
Así las cosas, el 20 de junio de 2002, la OCS dirigió carta a Stewart en la que le exigió el pago $319,785.00 por concepto de contribución sobre primas correspondientes a los años 1996 al 2000.
El 17 de septiembre de 2003, la OCS dirigió comunicación a la recurrente en la que desglosó la cantidad de contribución sobre primas que alegadamente faltaba pagar y estimó la misma en $696,717.76, correspondientes a los años 1996 a 2002.
Mediante dichas comunicaciones de 20 de junio de 2002 y de 17 de septiembre de 2003, la OCS informó a Stewart que calculó sus contribuciones sobre ingresos de primas de seguros utilizando el ingreso bruto recibido por la corporación v no el ingreso neto. Enfatizó que este último incluí a las primas retenidas por los agentes independientes a quienes Stewart contrataba para vender los seguros de título. [2]
La referida comunicación de 20 de junio de 2002 dirigida a Stewart por la OCS, le señaló una alegada deficiencia contributiva para los años 1996 a 2000. Dichos señalamientos fueron reiterados posteriormente por la OCS mediante carta de 4 de septiembre de 2003, recibida por el recurrente el 17 de septiembre del mismo año, en la que dicha agencia aludió a la misma deficiencia contributiva, pero atribuible a los años 1996 a 2002.
Luego de varios intercambios de correspondencia, Stewart solicitó una Vista Administrativa para dilucidar la controversia. Posteriormente, y por acuerdo entre las partes, la OCS emitió una Resolución Interlocutoria el 3 de marzo de 2005, donde aprobó la solicitud de las partes de “dirimir la controversia de autos mediante mociones de disposición sumaria”. [3]
Presentadas ambas: (1) la Solicitud de Disposición Sumaria de Stewart, y (2) el Memorando de Derecho de la OCS, el 29 de junio de 2007, la Comisionada de Seguros emitió Resolución Administrativa confirmando las determinaciones de su Orden original. En síntesis, la OCS determinó que el término prescriptivo aplicable al cobro'de las contribuciones sobre primas, bajo el Artículo 7.020(1) del Código de Seguros, es el plazo de quince (15) años que establece el Artículo 1864 del Código Civil, 31 L.P.R.A. see. 5294, por lo que la acción de cobro no estaba prescrita. Concluyó además, la OCS, que la alegada deuda contributiva imputada al recurrente fue correctamente calculada, toda vez que el ingreso de primas sujeto a tributación incluí a las primas retenidas por los agentes independientes a quienes Stewart contrataba para vender los seguros de título.
Así las cosas, el 20 de julio de 2007, Stewart solicitó Reconsideración, la cual fue denegada por la OCS mediante Resolución del 31 de julio de 2007. Inconforme con la Resolución de la OCS, acude Stewart ante este Tribunal mediante Recurso de Revisión presentado el 30 de agosto de 2007. Sostiene el recurrente que incidió la OCS al concluir que la deuda contributiva imputada a Stewart no está prescrita. Señala, además, que erró la OCS *895 al considerar como “primas” de seguros, sujetas a contribución, ciertos pagos que no eran por seguros de título y que fueron recibidos por otras entidades como compensación por estudios de título y otros servicios.
Por su parte, la Comisionada de Seguros de Puerto Rico compareció ante nos oportunamente el 12 de diciembre de 2007, mediante Oposición a Solicitud de Revisión Judicial. Sostiene la Comisionada que las resoluciones administrativas reciben deferencia al ser revisadas por un foro judicial y que se le ha concedido una presunción de regularidad a las mismas. Además, indica que la deferencia reconocida a la decisión administrativa sólo “cede en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley; y (3) cuando ha mediado una actuación irrazonable o ilegal.” Otero Mercado v. Toyota de Puerto Rico, 2005 J.T.S. 13.
Argumenta además, la OCS, que la contribución sobre prima de seguros está dispuesta específicamente en el Código de Seguros de Puerto Rico y que dicho Código gobierna todo lo concerniente a la misma. La OCS interpreta que la contribución sobre prima constituye un arancel aparte del que pagan los aseguradores autorizados por ingreso, sobre el volumen de negocios por prima que suscriben en Puerto Rico.
Con el beneficio de la comparecencia de ambas partes, procedemos a resolver los asuntos planteados ante nuestra consideración.
II
El Artículo 2.150 del Código de Seguros, 26 L.P.R.A. §215, dispone sobre las funciones del Comisionado, lo siguiente:

“Con el fin de determinar su situación o constatar las contribuciones, según se requiere por ley, o determinar si se cumple con este título, el Comisionado podrá, tan frecuentemente como lo considere prudente, inspeccionar las cuentas, archivos, documentos, negocios y operaciones relacionadas con seguros de:

(1) Agente de seguros, agente general, corredor, corredor de seguros excedentes (surplus line broker), ajustador o solicitador;

(2) La persona que tenga un contrato con arreglo al cual de hecho disfrute del derecho exclusivo o predominante de administrar a un asegurador o tener dominio sobre éste;

(3) La persona que posea las acciones del capital social o la delegación de tenedores de pólizas de un asegurador del país con el fin de tener dominio sobre su administración, bien como síndico votante o de otro modo;

(4)La persona que en Puerto Rico se dedique o intente dedicarse o ayude a la promoción o formación de un asegurador o de una corporación dominatriz de acciones de seguros, o a la solvencia comercial de asegurador. un

En lo referente a la amplia discreción del Comisionado para imponer sanciones, es doctrina reiterada que las agencias administrativas gozan de una amplia discreción en lo referente a la imposición de sanciones, pues son éstas las que diariamente implantan su ley orgánica y sus reglamentos y las que, por su conocimiento especializado y pericial, están en mejor posición para y establecer cuál es el efecto de la violación a lo reglamentado. El legislador delegó al Comisionado la facultad de velar porque se cumplan estrictamente las normas y principios contenidos en el Código. Comisionado de Seguros v. Prime, 162 D.P.R. 334, 341 (2004).
*896 Siempre que la sanción administrativa esté fundamentada en evidencia sustancial, no constituya una actuación ultra vires, y tenga una relación razonable con los actos que se quiere prohibir, los tribunales le brindaran gran deferencia. La revisión judicial de este tipo de actuación administrativa, de ordinario, no depende de si el tribunal considera que la sanción es muy fuerte o no.” Comisionado de Seguros v. Prime, supra.
La See. 4.5 de la LPAU dispone en lo pertinente que "las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal." 3 L.P.R.A. see. 2175. El razonamiento detrás de esta disposición, es que los tribunales gozan de peritaje en cuanto a las cuestiones legales por lo cual no se adelanta ningún fin público dándole deferencia a la agencia en cuanto a este aspecto de la adjudicación. San Antonio Maritime v. Puerto Rican Cement, 2001 JTS 20; Miranda v. C.E.E., 141 D.P.R. 775, 787 (1996).
B
El Artículo 3.310 del Código de Seguros de Puerto Rico, 26 L.P.R.A. 331(1), establece entre las obligaciones de un asegurador lo siguiente:

“(1) Cada asegurador autorizado deberá presentar anualmente al Comisionado, antes del día 31 de marzo un estado exacto de su situación económica y sus transacciones y negocios al 31 de diciembre precedente. Dicho estado se hará en los formularios que prescriba el Comisionado y deberá ser autenticado con el juramento de por lo menos dos de los principales funcionarios del asegurador. ”

El Código de Seguros define seguro como el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo. 26 L.P.R.A. see. 102
Asimismo, el Artículo 7.020 del Código de Seguros de Puerto Rico, 26 L.P.R.A. §702, en su parte pertinente, expone el porcentaje anual a pagar en concepto de contribuciones sobre primas de seguros. Dicho artículo, según vigente durante el período pertinente a los hechos del caso, expresa en lo pertinente:

"Excepto como se dispone en la sec. 702a de este título cada asegurador deberá pagar al Secretario de Hacienda del Estado Libre Asociado de Puerto Rico, por conducto de la Oficina del Comisionado una contribución del cuatro (4) por ciento sobre las primas, y de uno (1) por ciento sobre las retribuciones de rentas anuales, según se dispone en la clausula (b) de este inciso recibidas por aquél durante el año natural sobre seguros otorgados en Puerto Rico o que cubrieren riesgos residentes, ubicados o a ejecutarse en Puerto Rico, dondequiera se hubieren negociado. Dicha contribución será pagadera en o antes del 31 de marzo del año natural siguiente. El asegurador determinará su contribución sobre primas como sigue:

(a) Con respecto a seguros de vida y de incapacidad, la contribución será determinada después de descontados dividendos, primas devueltas, cantidades reembolsadas o la cantidad de reducciones permitidas en primas a tenedores de pólizas industriales de vida, por el pago de primas directamente en una oficina del asegurador:

(b) Con respecto a contratos de rentas anuales, dicha contribución será el uno por ciento (1%) de las retribuciones recibidas en el negocio directo después de deducirse dividendos y devoluciones de retribuciones sobre anualidades. ” 
[4]

De otra parte, el Código de Rentas Internas de 1994 dispone en su §6005 que “el monto de contribuciones o impuestos establecidos por cualquier [disposición del referido Código] será tasado dentro de cuatro (4) años después de haberse rendido la planilla o declaración, y ningún procedimiento en corte sin tasación para el cobro de dichas contribuciones será comenzado después de la expiración de dicho período”. 13 L.P.R.A. § 8025. (Énfasis Suplido).
*897 La Sec. 276(c) de Ley de Contribuciones sobre Ingresos fue derogada por la Ley Num. 120 de 31 de octubre de 1994, Código de Rentas Internas de 1994, 13 L.P.R.A. §8001 et seq. Particularmente, la §6006(d)(l)(A), 13 L. P.R.A. §8026(d)(l)(A), estableció nuevamente que existía un período prescriptivo de siete (7) años para que el Departamento de Hacienda pudiera cobrar una deuda por el procedimiento de apremio o demanda judicial.
Sin embargo, mediante la aprobación de la Ley Núm. 209 del 9 de agosto de 1998, la Asamblea Legislativa enmendó la §6006 del Código de Rentas Internas, a los fines de limitar el término de tiempo disponible para que el Estado pueda hacer uso del mecanismo de retención de pagos para así cobrar deudas contributivas. La referida sección establece expresamente que no obstante lo dispuesto por la Ley de Contabilidad, transcurridos diez (10) años desde que fue tasado el monto de la contribución debida, el Secretario de Hacienda vendrá obligado a eliminar de los registros del Departamento de Hacienda la deuda y quedará impedido de exigir el pago de la misma.
El Código de Seguros no establece un término prescriptivo expreso para el cobro de contribuciones bajo el Artículo 7.02(1). Sin embargo, esto no puede significar que no haya un término prescriptivo aplicable. Ante esa laguna legislativa, la Comisionada de Seguros aplica el Artículo 1864 del Código Civil de Puerto Rico, 31 L.P.R.A. §5294, según enmendado, que lee: “[l]as acciones personales que no tengan señalado término especial” prescribirán a los 15 años.
En Carato v. Secretario de Hacienda, 118 D.P.R. 306, 310 (1987), nuestro Tribunal Supremo (TSPR) establece que: “[ejl cobro de contribuciones por el Estado no es irrestricto. Está sujeto a trámites mínimos de ‘debido proceso de ley ’, a la exigibilidad y validez de la deuda, v a los términos vrescrivtivos dispuestos en los diversos estatutos. ” Añade que las decisiones del TSPR “reflejan una tendencia judicial uniforme a proteger la ciudadanía de procedimientos de cobros indebidos por contribuciones atrasadas...”. Id. a la pág. 312. (Enfasis Suplido).
No existe disposición legislativa que establezca un determinado término prescriptivo para la acción de cobro de las contribuciones por parte de la Comisionada de Seguros. De ahí que sea forzoso entonces recurrir a una legislación análoga para identificar y establecer el término prescriptivo aplicable. Respecto a la técnica de las analogías, expone el tratadista Puig Brutau:
“Cuando las normas no contemplan el supuesto específico del caso que se ha de resolver, existe una laguna legal; pero si el intérprete advierte que está previsto otro supuesto semejante al planteado y en los dos aprecia identidad de razón, podrá aplicar por analogía la norma del caso regulado al que no lo está, porque la misma razón justifica la identidad de la consecuencia. ” J. Puig Brutau, Introducción al Derecho Civil, Bosch, Barcelona, 1982, pág. 337.
C
De otra parte, el Código de Rentas Internas leía en su Sección 3011, 13 L.P.R.A. §3011, lo siguiente:

“(e)(2) Ingreso bruto ajustado. Para los fines de esta sección, el término “ingreso bruto ajustado" significa el ingreso bruto ajustado del contribuyente para el año contributivo, determinado conforme lo dispuesto en la §3022(n) de este título, pero tomando en consideración los gastos deducibles relacionados con la prestación de servicios como empleado a que se refiere la §3023(bb)(3) de este título, la participación de un socio en el beneficio o en la pérdida de una sociedad especial (sujeto a la limitación que establece la §3343 de este título) excluyendo el ingreso por concepto de dividendos o beneficios de sociedad, intereses y ganancia neta de capital sujeto a la contribución impuesta por las §§ 3011A, 301 IB, 3011C o 301 ID de este título. ”

Con relación al concepto de “ingreso bruto ”, en Continental Insurance Company v. Secretario de Hacienda, 154 D.P.R. 146 (2001), nuestro Tribunal Supremo expresó que las compañías de seguro pagarán contribuciones *898 como una corporación:

“La sección 204(a) de la Ley de Contribuciones de 1954, 13 L.P.R.A. §3204(a), establecía que las compañías de seguros estaban sujetas a una contribución normal y a una contribución adicional, que resultaban ser los mismos tipos de contribución que se imponían a otras corporaciones. Sin embargo, la sección 204(b) proveía un cómputo especial para la determinación del ingreso bruto de dichas compañías. Esta sección establecía:

(1) Ingreso Bruto - “Ingreso Bruto” significa la suma de (A), la cantidad bruta combinada obtenida durante el año contributivo de ingresos de inversión y de ingresos de seguros según se provee en este apartado, computada a base del estado demostrativo de seguros e inversiones del informe anual aprobado por la Convención Nacional de Comisionados de Seguros, y (B), la ganancia durante el año contributivo en la venta u otra disposición de propiedad.

(2) ...

(3) Ingreso de Inversión - “Ingreso de Inversión” significa el monto bruto del ingreso obtenido durante el año contributivo de intereses, dividendos y rentas, computado como sigue: A todos los intereses, dividen dos, y rentas recibidos durante el año contributivo súmense los intereses, dividendos y rentas vencidos y acumulados al final del año contributivo precedente.

(4) ...".

Añade el caso que:

“Una vez computado este ingreso bruto de inversión conforme a la sección 204, el inciso (c) de la referida sección enumeraba las deducciones admisibles en el caso de una compañía de seguro que no fuese de vida ni mutua. Entre las deducciones admisibles se encontraban entre otras: (1) todos los gastos ordinarios y necesarios incurridos según lo requería la sección 23(a) de esta Ley...; (6) El monto de intereses obtenidos durante el año contributivo que bajo la sección 22(b)(4) estaban exentos de contribución. ”

Por otro lado, la sección 204 (e) de la Ley de Contribuciones de 1954 disponía una limitación: “nada de lo dispuesto en esta sección será interpretado en el sentido de permitir que la misma partida sea deducida más de una vez”. 13 L.P.R.A. §3204(e). Continental Insurance Company v. Secretario de Hacienda, supra, pág. 151.
El objetivo de la sección 204(b) es permitir a las compañías de seguros que presentaran sus planillas conformes a los requisitos establecidos por la NAIC. En Continental Insurance v. Secretario de Hacienda, supra, a la pág. 156, se dispuso también lo siguiente:

“La NAIC le requería a las compañías de seguros que presentaran su información financiera... entre otros, la totalidad de sus ingresos de inversión, independientemente que los mismos constituyesen ingreso tributable o no. [Ljas compañías aseguradoras como Continental venían obligadas a incluir en el cómputo de su ingreso bruto los intereses que estuviesen exentos a tenor con la §22(b)(4) de la Ley de Contribuciones de 1954. ”

De otro lado, conviene destacar que la norma federal en derecho tributario especifica que las compañías de seguros están sujetas al mismo esquema de contribución sobre ingresos con respecto a las primas de seguros que una corporación, exceptuando a las compañías aseguradoras que no fuesen de vida ni mutuas.
“As to practice and procedure in the determination of tax liability, closing agreements, waivers, appeals to the Board of Tax Appeals, exemptions, assessment and collection of taxes, claims for refund, presumptions and burden of proof, suits for the recovery of overpayments, statutes of limitations, and all other matters not *899 specifically provided for in the sections of the Code considered in this chapter, insurance companies are subject to the same provisions of the Code as corporation generally. The sections of the Code that deal with insurance companies do not constitute a scheme or code of taxation, complete in itself without reference to the general provisions of the act. ” Código de Rentas Internas Federal de 1954, §832. (Énfasis Suplido).
En Quine Caribe v. Secretario de Hacienda, 153 D.P.R. 700 (2001), el Tribunal Supremo, al adjudicar una controversia sobre contribuciones, define en términos corporativos lo que constituyen los conceptos de “ingreso bruto” e “ingreso neto”, según el Código de Rentas Internas. En este caso, la controversia era determinar si, una vez se [conoce] el por ciento tributable del Ingreso de Fomento Industrial (IFI), éste pasa a formar parte del ingreso bruto total de la corporación, al cual se le pueden compensar {pjf-set), o deducir cualquier pérdida proveniente de operaciones no exentas de la corporación para computar el total de ingreso neto tributable de la corporación. Id. a la pág. 722. Expone el Tribunal que:

“Ingreso bruto ” incluye ganancias, beneficios e ingresos derivados de sueldos, jornales, compensación por servicios personales (...) de cualquier clase y cualquiera sea la forma en que se pagaren; o de profesiones, oficios, industrias, negocio, comercio o ventas; o de operaciones en propiedad, bien sea mueble o inmueble, que surjan de la posesión o uso o del interés en tal propiedad; también los derivados de intereses, rentas, dividendos, beneficios de sociedades, valores de la operación de cualquier negocio explotado confines de lucro o utilidad; y ganancias o beneficios e ingresos derivados de cualquier otra procedencia.

Las contribuciones sobre ingresos se calculan entonces según las leyes tributarias y/o corporativas de cada Estado.” Quine Caribe v. Secretario de Hacienda, supra.
A
Stewart señala dos errores cometidos por la Comisionada de Seguros, al resolver por la vía administrativa una determinación con relación a las alegadas deficiencias contributivas por parte de Stewart para los años 1996 al 2002, y al imponer sanciones administrativas fundadas en el alegado incumplimiento de Stewart con su deber de pagar contribuciones sobre las primas de seguros que vende en Puerto Rico.
En su primer señalamiento de error, Stewart alega que prescribió la acción de cobro con relación a contribuciones sobre primas de seguros por parte de la OCS, en virtud de que la acción de tasación con relación a deficiencias contributivas se llevó a cabo después del término determinado por ley.
Como segundo señalamiento de error, el recurrente plantea que la OCS definió incorrectamente lo que constituye el término “contribución” sobre ingresos relacionados a primas de seguros de una compañía aseguradora, e impuso también sanciones relacionadas a dichas deficiencias contributivas.
Alega la Comisionada que- a las decisiones administrativas se les reconoce deferencia, excepto “en las siguientes circunstancias: (1) cuando no está basada en evidencia sustancial; (2) cuando el organismo administrativo ha errado en la aplicación de la ley; y (3) cuando ha mediado una actuación irrazonable o ilegal.” Otero Mercado v. Toyota de Puerto Rico, supra.
Apunta, además, que la contribución sobre prima de seguros está dispuesta en el Código de Seguros de Puerto Rico y que la postura de la OCS es que la contribución sobre prima constituye un arancel aparte del que pagan los aseguradores autorizados por ingreso, sobre el volumen de negocios por prima que suscriben en Puerto Rico.
El primer señalamiento de error se fundamenta en que el término prescriptivo para el cobro a Stewart de las contribuciones sobre primas de seguro ha prescrito. Expone Stewart que la Resolución Administrativa *900 de la Comisionada de Seguros fue emitida en 2007 y según los mencionados artículos del Código de Rentas Internas, tal acción de cobro ha prescrito. Alega además que la Oficina de la Comisionada de Seguros erró en su Resolución aplicando el Artículo 1864 del Código Civil, y no aplicó un término prescriptivo análogo a las contribuciones sobre ingresos.
Ahora bien, en el caso Pérez López v. Negociado de Recaudaciones, supra, se expuso que el término prescriptivo para el cobro de dinero puede ser interrumpido. Pero en dicho caso, la deuda fue tasada dentro del término de cuatro (4) años desde que fue presentada la planilla de contribución sobre ingresos tal y como lo requiere la §6005 del Código de Rentas Internas, según enmendada, 13 L.P.R.A. § 8025.
Anteriormente hemos mencionado que el Código de Seguros no establece un término prescriptivo expreso para el cobro de contribuciones bajo el Artículo 7.02(1). Sin embargo, dicha laguna no significa que la OCS esté autorizada a aplicar -como equivocadamente aquí ha hecho-, el término prescriptivo supletorio de quince (15) años que establece el Artículo 1864 del Código Civil, supra, para las acciones personales que no tiene fijado un determinado término prescriptivo. Según la norma anteriormente expresada, cuando exista una laguna legal, si está previsto otro supuesto semejante, “y en ios dos aprecia identidad de razón, podrá aplicar por analogía la norma del caso regulado al que no lo está, porque la misma razón justifica la identidad de la consecuencia. ” Puig Brutau, supra.
El término prescriptivo de quince (15) años es uno dispuesto por el Código Civil para acciones hipotecarias y en casos donde no exista prescripción alguna en otras disposiciones de ley. Entendemos que un término prescriptivo de quince (15) años aplicado a deficiencias en contribuciones sobre ingresos es uno demasiado prolongado para cualquier acción relacionada con el derecho tributario. Además, habiendo un término prescriptivo dispuesto por las leyes contributivas para el cobro de las contribuciones sobre ingresos, la OCS debió aplicar el mismo por ser un término prescriptivo análogo in pari materia. Es decir, la agencia recurrida se desentendió aquí totalmente de la norma cardinal de interpretación de estatutos que postula que en controversias fiscales debe acudirse en primer término a las leyes y los principios fundamentales que rigen la materia.
No está en controversia que el Código de Seguros no dispone un término prescriptivo para la tasación y el cobro de contribuciones sobre ingresos de primas de seguros. Ahora bien, a nuestro juicio, el término aplicable es, por analogía, aquél dispuesto en el Código de Rentas Internas a contribuciones sobre ingresos también aplicables a corporaciones. Encontramos errado en derecho la postura asumida por la OCS consistente en aplicar el término prescriptivo de quince (15) años que establece el Código Civil para las acciones personales que no tienen término dispuesto por ley, para el cobro de una alegada deficiencia contributiva de una aseguradora. El hecho de que el Código de Seguros guarde silencio sobre el término prescriptivo para ello, hace forzoso que nos remitamos a lo que establecen las leyes in pari materia y su jurisprudencia interpretativa.
Somos de la opinión que la prescripción extintiva análoga para el cobro de las alegadas deficiencias contributivas aplica en este caso al cobro de las contribuciones sobre primas de seguros. En el caso que nos ocupa, las alegadas deficiencias contributivas para los años 1996, 1997 y 1998 no fueron tasadas según lo dispone el Código de Rentas Internas, dentro del término de cuatro (4) años.
No obstante lo anterior, destacamos que la correspondencia enviada a Stewart el 20 de junio de 2002 por la OCS interrumpió el término para cobrar la alegada deficiencia contributiva para los años 2000. 2001 v 2002. Ello es así, toda vez que ésta fue tasada por el Departamento de Hacienda, por conducto de la OCS, dentro del término de cuatro años, dispuesto por ley para ello.
En conclusión, resolvemos que la OCS no puede cobrar las alegadas deficiencias contributivas de Stewart para los años 1996 al 1999, porque su acción está prescrita. Ahora bien, las deficiencias contributivas imputadas a Stewart para los años 2000 a 2002 no estaban prescritas para la fecha de su *901 cobro por parte de la "OCS. Nos corresponde entonces determinar si estas últimas fueron calculadas correctamente
B
El segundo señalamiento de error esbozado por el recurrente nos plantea la controversia de derecho contributivo sobre cómo definir qué constituye la contribución sobre primas de seguros. El caso Continental Insurance Company v. Secretario de Hacienda, 154 D.P.R. 146 (2001), expone que las compañías de seguros pagarán contribuciones como una corporación. A estos efectos, dispone en lo pertinente:

"La sección 204(a) de la Ley de Contribuciones de 1954, 13 L.P.R.A. §3204(a), establecía que las compañías de seguro estaban sujetas a una contribución normal y a una contribución adicional, que resultaban ser los mismos tipos de contribución que se imponían a otras corporaciones. Sin embargo, la sección 204(b) proveía un cómputo especial para la determinación del ingreso bruto de dichas compañías. Esta sección establecía:

(1) Ingreso Bruto - "Ingreso Bruto” significa la suma de (A), la cantidad bruta combinada obtenida durante el año contributivo de ingresos de inversión y de ingresos de seguros según se provee en este apartado, computada a base del estado demostrativo de seguros e inversiones del informe anual aprobado por la Convención Nacional de Comisionados de Seguros, y (B), la ganancia durante el año contributivo en la venta u otra disposición de propiedad. ” (Enfasis Suplido).
Añade el referido caso que “[u] na vez computado este ingreso bruto de inversión conforme a la sección 204, el inciso (c) de la referida sección enumeraba las deducciones admisibles en el caso de una compañía de seguro que no fuese de vida ni mutua.” Entendemos, por lo tanto, que para calcular las contribuciones sobre primas de seguros, para la fecha de los hechos, se tenía que calcular ésta a base del cuatro (4) por ciento del ingreso bruto de la corporación.
La norma federal en derecho tributario especifica también que las compañías de seguros están sujetas al mismo esquema de contribución sobre ingresos con respecto a las primas de seguros que una corporación, exceptuando a las compañías aseguradoras que no fuesen de vida ni mutuas. Según el Código de Rentas Internas Federal, “insurance companies are subject to the same provisions of the Code as corporation generally.” Código de Rentas Internas Federal de 1954, §832. (Énfasis Suplido).
Por otro lado, la sección 204 (e) de la Ley de Contribuciones de 1954 disponía una limitación: "nada de lo dispuesto en esta sección será interpretado en el sentido de permitir que la misma partida sea deducida más de una vez”. Continental Insurance Company v. Secretario de Hacienda, supra, pág. 151, citando 13 L.P.R.A. §3204 (e).
El objetivo de la sección 204(b) era permitir a las compañías de seguros que presentaran sus planillas conformes a los requisitos establecidos por la Convención Nacional de Comisionados de Seguros, generalmente conocida como National Association of Insurance Commissioners (NAIC). Continental Insurance v. Secretario de Hacienda, supra, pág. 156.
La NAIC le requería a las compañías de seguros que presentaran su información financiera... entre otros, la totalidad de sus ingresos de inversión, independientemente que los mismos constituyesen ingreso tributable o no. [L]as compañías aseguradoras como Continental venían obligadas a incluir en el cómputo de su ingreso bruto los intereses que estuviesen exentos a tenor con la §22(b)(4) de la Ley de Contribuciones de 1954, supra.
Reiteramos que en el caso Qume Caribe v. Secretario de Hacienda, supra, nuestro Tribunal Supremo adjudica una controversia sobre contribuciones y definió en términos corporativos lo que constituyen los *902 conceptos de “ingreso bruto” e “ingreso neto”, según el Código de Rentas Internas. Expone el Tribunal que:

“Ingreso bruto ” incluye ganancias, beneficios e ingresos derivados de sueldos, jornales, compensación por servicios personales (...) de cualquier clase y cualquiera sea la forma en que se pagaren. ”

En cuanto al “ingreso neto”, el caso “establece ciertos parámetros a utilizarse en el computo de “ingreso neto” sobre el cual se basan las contribuciones sobre ingresos. En cuanto a los cómputos restantes, dicha ley presume que los mismos se harán en forma consistente con los principios de contabilidad generalmente aceptados y utilizados en la preparación de los estados financieros de la corporación. ” Id. a la pág. 730.
Debemos recordar que en lo referente a la interpretación de estatutos que imponen contribuciones o impuestos, es doctrina reiterada que “cuando el legislador se ha manifestado en lenguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de toda intención legislativa”. Además, “la legislación contributiva no se interpreta en forma extensiva, sino que debe interpretarse en forma justa y a tenor con sus propios y expresos términos. ” BBC Realty v. Srio. de Hacienda, 2005 JTS 191.
En la interpretación de estatutos que imponen contribuciones, es la práctica establecida no extender sus disposiciones, por implicación, más allá del claro alcance del lenguaje usado, o ampliar su radio, de manera que comprenda materias que no han sido específicamente señaladas. En caso de duda, se interpretan estrictamente en contra del Gobierno v a favor del ciudadano.” (Énfasis Suplido). Id. Véase además, Gould v. Gould, 245 U.S. 151 (1917).
Consecuentemente, es regla de hermenéutica que cuando el propósito de imponer una contribución no es claro, la duda debe resolverse a favor de la no imposición de la misma. En aquellos casos en que una ley que impone contribuciones, impuestos o arbitrios es ambigua, carente de un lenguaje claro que advierta la intención del legislador, la misma se debe interpretar restrictivamente en contra del Estado y a favor del ciudadano. BBC Realty v. Srio. de Hacienda, supra.
El segundo señalamiento de error cuestiona la determinación de la OCS de señalarle a la recurrente una alegada deficiencia contributiva, sobre partidas que eran por concepto de estudios de título y que no constituyen primas sujetas a tributación. En ese caso, puesto que la tasa contributiva de 4% aplica únicamente a las primas recibidas por la suscripción de seguros de título y no a pagos de otra naturaleza, aunque aparezcan incluidos en la cifra de “primas” del “Schedule T’, que Stewart presentó ante la OCS, dichas partidas por estudios de ttulo no constituyen primas de seguros sujetas a contribución.
A nuestro juicio, la OCS extendió el alcance de lo que es una prima sujeta a contribución para incluir partidas que no estaban claramente definidas ni comprendidas expresamente dentro de dicho término, según lo dispone el Código de Seguros. Al así decidir, la OCS inexplicablemente obvió que las instrucciones de la NAIC para la preparación del “Schedule V indican que las cifras allí incluidas no deben servir de base para el cálculo de contribuciones sobre primas. A estos efectos, dichas instrucciones disponen expresamente lo siguiente:

“The data reported in Schedule T of the annual statement is not intended to be used for the calculation of the amount of premium tax due. In the event the basis used for the calculation of premium tax differs from the basis required for reporting in the annual statement as defined in this instruction, the company should submit to the respective state insurance department or other premium tax collection agency a separate schedule to support its premium tax calculation. ” 
[5]

IV
En resumen, en el caso que nos ocupa, somos de la opinión que el organismo administrativo, como cuestión de derecho, erró, al aplicar el término prescriptivo de quince años a la acción de cobro de contribución sobre *903 primas de una aseguradora. Ante la ausencia de un término específico establecido en el Código de Seguros para el cobro de una contribución sobre prima a una aseguradora y tratándose de una materia contributiva, era y es necesario e imprescindible recurrir a las leyes contributivas y a su jurisprudencia interpretativa, que sí disponen un término prescriptivo para dicho cobro.
Concluimos que procede, como cuestión de derecho, la aplicación del término prescriptivo para el cobro de deficiencias contributivas con respecto a corporaciones, y no el término de aplicación general para acciones sin término. En consecuencia, la Comisionada de Seguros erró en derecho al aplicar en el caso de título el término prescriptivo del Artículo 1864 del Código Civil.
De otra parte, aclaramos que el Art.7.020 (1) del Código de Seguros, supra, impone la contribución de 4% sobre las primas recibidas por un asegurador. Dicha tasa contributiva de 4% aplica a las primas recibidas por una aseguradora por concepto de seguros de título v no a las nartidas recibidas para el pago de estudios de título. Stewart no realiza estudios de título en Puerto Rico, sino que contrata compañías independientes para tal función. La cuantía que cobran al consumidor las compañías independientes por realizar el estudio de título, no es recibida por el recurrente. Esta sólo recibe el risk premium con respecto a los seguros de título que ha emitido.
A nuestro juicio, incidió además, la OCS, al imponer sanciones por las deficiencias contributivas imputadas a la recurrente. Veamos porqué.
La OCS utilizó los informes anuales (T Schedule) de la NAIC para realizar el cómputo de contribuciones sobre ingresos provenientes de primas de seguros. Erró la Comisionada de Seguros al utilizar el T Schedule que incluye sólo el ingreso neto de la compañía. Entendemos que para calcular las contribuciones sobre primas de seguros se tiene que utilizar el ingreso bruto ajustado, como se haría con cualquier corporación.
La OCS es de la posición que la contribución sobre prima constituye un arancel aparte del que pagan los aseguradores autorizados por ingreso. Concluimos que erró en derecho la Comisionada de Seguros. De los fundamentos expuestos, surge que las contribuciones sobre ingresos se calculan según las leyes tributarias o corporativas de cada Estado. En este caso, la Ley General de Corporaciones dispone que las corporaciones foráneas sean tributadas de la misma manera que las corporaciones domésticas. A su vez, el Código de Rentas Internas dispone que las corporaciones sean tributadas según el ingreso bruto de la corporación. Qume Caribe v. Secretario de Hacienda, supra.
En resumen, resolvemos que las alegadas deficiencias contributivas imputadas a Stewart para los años 1996 a 1999 están prescritas, y que la OCS incurrió en otro error de derecho al ampliar el término de prima sujeta a contribución para incluir los pagos realizados por concepto de estudios de título y por otras partidas. Por tanto, aunque la acción para el cobro de la contribución sobre prima para los años 2000 a 2002 no estaba prescrita, dicha partida se computó incorrectamente contrario a derecho.
V
Por los fundamentos antes expuestos, los cuales hacemos formar parte de esta Sentencia, concluimos que las alegadas deficiencias contributivas imputadas a Stewart para los años 1996 a 1999 están prescritas, y que las posteriores fueron calculadas erróneamente, por lo que revocamos la Resolución recurrida emitida por la OCS el 29 de junio de 2007. En su consecuencia, se deja sin efecto el cobro de las deficiencias imputadas erróneamente a la recurrente, así como las sanciones impuestas por ser las mismas contrarias a derecho, según previamente expuesto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Leda. María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones
*904 ESCOLIOS 2009 DTA 36

1. Véase Apéndice 35 del Escrito de Revisión Judicial, a la pág. 181.

2. Véase Apéndice 35 del Escrito de Revisión Judicial, a las págs. 187 y 189, respectivamente.

3. Véase Apéndice 35 del Escrito de Revisión Judicial, a la pág. 255.

4. El Artículo 7.020 del Código de Seguros, 26 L.P.R.A. see. 702, fue enmendado mediante la Ley Núm. 38 de 1 de agosto de 2005. Dicha enmienda consistió en aumentar el porcentaje a pagar sobre las primas de cuatro (4) a seis (6) y el porcentaje sobre retribuciones de uno (1) a tres (3). La referida enmienda aumentó, además, la contribución de uno (1) a tres (3) por ciento en la clausula (b).

5. Véase págs. 21aal-212 del Apéndice del Recurso de Revisión.