EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Cooperativa de Seguros de Vida de Puerto Rico<br><br>Peticionaria<br><br>v.<br><br>Centro de Recaudaciones de Ingresos Municipales<br><br>Recurrida | Certiorari<br><br>2015 TSPR 78<br><br>193 DPR ____ |

Número del Caso:  AC-2013-3

Fecha: 15 de junio de 2015

Tribunal de Apelaciones:

      Región Judicial de San Juan, Panel IV

Abogados de la Parte Peticionaria:

      Lcda. Monique Guillemard-Noble
      Lcdo. Andrés Guillemard-Noble
      Lcda. Vicky González-Vega

Abogado de la Parte Recurrida:

      Lcdo. Luciano Osvaldo Cano Rojas

Materia: Derecho – Administrativo requisitos para la presentación de una acción de impugnación judicial de contribución notificada por el CRIM; interpretación de la enmienda al Art. 3.48, introducida por la Ley Número 71-2010.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Cooperativa de Seguros de Vida
de Puerto Rico

Peticionaria

                            AC-2013-3

        v.

Centro de Recaudaciones de
Ingresos Municipales

Recurrida

Opinión del Tribunal emitida por la Jueza Asociada ORONOZ RODRÍGUEZ

En San Juan, Puerto Rico, a 15 de junio de 2015.

En esta ocasión, tenemos la oportunidad de interpretar la Ley Núm. 71-2010 que enmendó el Art. 3.48 de la Ley Núm. 83-1991, conocida como Ley de Contribuciones Municipales sobre la Propiedad, 21 LPRA sec. 5098a. En particular, debemos evaluar si luego de la referida enmienda se mantuvo como requisito jurisdiccional el procedimiento de revisión administrativa, incluyendo el pago correspondiente, previo a la presentación de una acción de impugnación judicial. Respondemos en la afirmativa por los fundamentos expuestos a continuación.

I

En el 2011, la Cooperativa de Seguros de Vida de Puerto Rico (COSVI) presentó ante el Centro de Recaudaciones de Ingresos Municipales (CRIM) cuatro solicitudes de revisión administrativa en las cuales impugnó la imposición de contribuciones sobre cuatro propiedades inmuebles. Acompañó cada una de las solicitudes con un pago equivalente al cuarenta por ciento (40%) de la contribución impugnada.

Pasaron sesenta (60) días sin que el CRIM emitiera una contestación escrita con relación a las revisiones presentadas por COSVI. Debido a que el Art. 3.48(a) de la Ley Núm. 83-1991, supra, dispone que cuando suceda lo anterior se entenderá que el CRIM ratificó el estimado de contribuciones, COSVI presentó ante el Tribunal de Primera Instancia cuatro demandas de impugnación en las que solicitó que se anulara el requerimiento de pago. Sostuvo, entre otras cosas, que el CRIM no consideró una enmienda realizada al Código de Seguros que aumentó la exención de la propiedad mueble e inmueble de un asegurador cooperativo a diez millones de dólares ($10,000,000). Explicó que no tenía que pagar cantidad alguna pues sus propiedades tenían un valor menor al de la referida exención.

El Tribunal de Primera Instancia consolidó las demandas. Posteriormente, el CRIM presentó una moción de desestimación por falta de jurisdicción. Argumentó que

COSVI incumplió con el requisito jurisdiccional de incluir el cien por ciento (100%) del pago de la contribución impugnada junto a sus recursos de revisión administrativa. COSVI se opuso a la desestimación.

El Tribunal de Primera Instancia, por su parte, notificó una orden en la que resolvió lo siguiente: "tiene término de 20 días el demandante para cumplir con el pago del 100% de la fianza en cada uno de los casos o desestimaremos por falta de jurisdicción, Lilly del Caribe Inc. v. Gloria E. Santos Rosado, 2012 TSPR 65, Opinión de 3 de abril de 2012". Conforme a lo ordenado, COSVI pagó el restante sesenta por ciento (60%) de las contribuciones impuestas.

El CRIM presentó oportunamente una moción de reconsideración ante el Tribunal de Primera Instancia, la cual fue declarada sin lugar. Todavía insatisfecho, el CRIM acudió ante el Tribunal de Apelaciones. Alegó que el foro primario debió declararse sin jurisdicción, por lo que erró al ordenar a COSVI que hiciera el pago correspondiente.

El Tribunal de Apelaciones notificó una sentencia en la que revocó el dictamen del foro primario. Resolvió que el Tribunal de Primera Instancia debió desestimar la demanda por falta de jurisdicción pues COSVI no cumplió con el Art. 3.48, supra. Inconforme, COSVI presentó una moción de reconsideración que fue declarada sin lugar.

Aún en desacuerdo, COSVI acude oportunamente ante este Tribunal mediante un recurso de apelación. En lo pertinente, sostiene que lo resuelto en Lilly del Caribe, Inc. v. CRIM, 185 DPR 239 (2012), aplica prospectivamente y que sus demandas de impugnación fueron instadas antes de que este Tribunal emitiera esa Opinión.

Este Tribunal acogió el recurso como *certiorari* y lo expidió. COSVI presentó una *Moción Informativa* en la que solicitó que se acogiera su recurso como su alegato en los méritos. El CRIM presentó su alegato. En síntesis, reitera que el foro judicial carece de jurisdicción para atender las demandas de impugnación debido al incumplimiento de COSVI con el Art. 3.48, supra. Con relación a lo resuelto en Lilly del Caribe, Inc. v. CRIM, supra, señala que en Shell v. Srio. de Hacienda, 187 DPR 109, 128 (2012), este Tribunal resolvió que, al tratarse de un requisito jurisdiccional incluido en una disposición clara y libre de ambigüedad, lo allí pautado no estaba restringido a una aplicación prospectiva.

Luego, COSVI presentó una *Solicitud de Autorización para Presentar Réplica a Alegato de la Parte Recurrida*. Esta vez, alegó que no tenía la obligación de agotar remedios administrativos pues el CRIM impuso las contribuciones impugnadas sin tener autoridad para ello. Sostuvo que el CRIM actuó *ultra vires* porque le negó a COSVI la exención de diez millones de dólares ($10,000,000) concedida por ley. Añade que

[t]oda vez que COSVI cuestiona la autoridad legal del CRIM para imponerle el pago de una contribución contrario a las disposiciones de la exención en ley, no era necesario que previo a solicitar la revisión de las determinaciones del CRIM ante el foro judicial, se agotara remedio administrativo alguno. **Por lo que resulta irrelevante a la controversia del presente caso lo esbozado por este Honorable Tribunal en los casos en los que se basa la Demandada-Recurrida en su Alegato de Oposición, a saber, Lilly,** *supra*, **Pfizer**, *supra*, **y Shell**, *supra*. Réplica, pág. 6. (Énfasis en el original).

Este Tribunal declaró con lugar la *Moción Informativa* presentada por COSVI y el caso quedó sometido para su adjudicación.

## II

Un requisito jurisdiccional es aquél que debe cumplirse antes de que el tribunal pueda atender los méritos de un pleito. Shell v. Srio. de Hacienda, 187 DPR 109, 123 (2012), citando a I. Rivera García, *Diccionario de términos jurídicos*, 3ra ed., San Juan, Ed. LexisNexis, 2000, pág. 235. Si una parte incumple con un requisito jurisdiccional, el tribunal carecerá de jurisdicción para evaluar la controversia ante su consideración y deberá desestimar el caso. González v. Mayagüez Resort & Casino, 176 DPR 848 (2009); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873 (2007); Virella v. Proc. Esp. Rel. Fam., 154 DPR 742 (2001). Ello, pues toda sentencia que un tribunal dicte sin jurisdicción es nula. S.L.G. Szendrey-Ramos v. F. Castillo, supra; Montañez Rivera v. Policía de Puerto Rico, 150 DPR 917 (2000).

En casos sobre impugnación de contribuciones, los requisitos jurisdiccionales "no son otra cosa que la expresión de condiciones o requisitos cuyo cumplimiento el Estado exige para que se le demande. Por lo tanto, deben ser cumplidos estrictamente, y en la misma forma que se ha exigido por el legislador". Shell v. Srio. de Hacienda, supra, págs. 123-124; Cafeteros de Puerto Rico v. Srio. de Hacienda, 82 DPR 633, 641 (1961).

Como hemos reiterado, la mejor expresión de la intención legislativa es el texto de la ley cuando es claro y libre de toda ambigüedad. Shell v. Srio. de Hacienda, supra; Soc. Asist. Leg. v. Ciencias Forenses, 179 DPR 849 (2010). En cambio, si el texto es ambiguo, el tribunal debe asegurarse de cumplir la intención del legislador. Shell v. Srio. de Hacienda, supra; Soc. Asist. Leg. v. Ciencias Forenses, supra; Cruz Parrilla v. Depto. Vivienda, 184 DPR 193 (2010). En particular, las leyes contributivas deben interpretarse razonablemente, de forma tal que se lleve a efecto la intención del legislador. Báez Rodríguez et al. v. E.L.A., 179 DPR 231, 244 (2010); Licorería Trigo, Inc., v. Srio. de Hacienda, 94 DPR 270, 279 (1967). Por tanto, no podemos interpretar una ley contributiva de forma que se le permita al contribuyente evadir el pago de impuestos que la Legislatura estableció. Lilly Del Caribe v. CRIM, supra, pág. 252; West India Oil Co. (P.R.) v. Sancho Bonet, Tes., 54 DPR 732, 744-745 (1939). Tomando en consideración estas normas de

interpretación estatutaria, examinemos los estatutos en los que se enmarca el caso que hoy nos ocupa.

La Ley Núm. 7-2009, según enmendada, conocida como Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, estableció una contribución especial sobre la propiedad inmueble con fines residenciales y adoptó los procedimientos seguidos por el CRIM para reglamentar dicha contribución. Luego, esta contribución especial se extendió a la propiedad inmueble con fines comerciales mediante la Ley Núm. 37-2009. Respecto al proceso de revisión administrativa e impugnación judicial de la contribución especial, el Departamento de Hacienda emitió la Carta Circular de Rentas Internas 2009-08. Ésta dispone, en lo pertinente, que

> aquellos contribuyentes que deseen solicitar una revisión administrativa o impugnar judicialmente la contribución, deberán cumplir con los requisitos establecidos en el Artículo 3.48 de la Ley Núm. 83 y el Reglamento 7221 del CRIM, entendiéndose que cualquier referencia en dicha ley o en dicho reglamento al CRIM o su Director, se tendrá como referencia al Departamento de Hacienda o al Secretario de Hacienda. Carta Circular de Rentas Internas 2009-08, pág. 2.

La Ley de Contribuciones Municipales sobre la Propiedad, Ley Núm. 83-1991, según enmendada, 21 LPRA sec. 5001 *et seq.*, establece en su Art. 3.48, 21 LPRA sec. 5098a, un procedimiento de revisión administrativa e impugnación judicial para las imposiciones contributivas.

Antes de unas enmiendas efectuadas a la Ley en 2010, las cuales discutiremos más adelante, el artículo disponía lo siguiente:

(a)   *Revisión administrativa.* — Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el Centro de conformidad con las secs. 5076 y 5077 de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 de este título, siempre y cuando el contribuyente ...:

(1)   Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

(2)   pague al Centro de Recaudación la totalidad de la contribución impuesta.

[…]

El Centro deberá emitir su decisión dentro de un término de sesenta (60) días a partir de la fecha de radicación de la solicitud de revisión administrativa por el contribuyente. [...]

**El procedimiento de revisión administrativa deberá completarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contributiva la impugne, según lo dispone el inciso (b) de esta sección.**

(b)   *Impugnación judicial.*- Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva realizada por el Centro, de conformidad a los Artículos 3.26 y 3.27 de esta Ley y el inciso (a) de

este artículo, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por los Artículos 3.26 y 3.27 de esta Ley, siempre y cuando dicho contribuyente, dentro del citado término:

(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

(2) Pague al Centro de Recaudación la totalidad de la contribución impuesta.

**Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se considerarán de carácter jurisdiccional.** 21 LPRA ant. sec. 5098a. (Énfasis suplido).

Esta Curia interpretó este procedimiento en Lilly del Caribe, Inc. v. CRIM, supra, al evaluar dos impugnaciones de contribuciones presentadas en el año 2009 por Lilly del Caribe y DirecTV, respectivamente. Lilly del Caribe impugnó una contribución alegando que le cobijaba un decreto de exención. Por su parte, DirecTV impugnó la contribución que le fue impuesta alegando que el Departamento de Hacienda no tenía autoridad legal para requerirlo. En el trámite administrativo, ambas compañías acompañaron su impugnación con cheques por una cantidad equivalente al cuarenta por ciento (40%) de la contribución impugnada. Íd. Transcurridos sesenta (60)

días desde que presentaron sus impugnaciones, acudieron por separado ante el Tribunal de Primera Instancia. El Departamento de Hacienda solicitó la desestimación por falta de jurisdicción en ambos casos. Íd.

El Tribunal de Primera Instancia denegó desestimar por entender que las compañías cumplieron con el requisito jurisdiccional. En cuanto a Lilly del Caribe, también concluyó que la demandante no tenía que agotar los trámites administrativos para impugnar el impuesto en cuestión, de acuerdo con lo resuelto en Yiyi Motors, Inc. v. E.L.A., 177 DPR 230 (2009). En el caso citado, se resolvió que

> si un ciudadano logra demostrar con claridad meridiana que no puede ser considerado como un contribuyente ante el tributo que se le ha impuesto, resulta irrazonable obligarle a tributar para luego hacerle agotar los mecanismos administrativos y judiciales disponibles. Lo contrario implicaría malgastar recursos del Estado para llegar a la misma conclusión que se pudo haber conocido desde el comienzo mediante la utilización del remedio extraordinario del *injunction*: su condición de no contribuyente. Así se evita que los ciudadanos sean sometidos a procedimientos engorrosos de manera innecesaria. Precisamente, para impedir que el Estado especule erróneamente con la tranquilidad y el dinero de nuestro pueblo, este Tribunal ya ha pautado la procedencia del *injunction* en estas circunstancias especiales y excepcionales. Íd., pág. 279.

Insatisfecho, el Departamento de Hacienda recurrió separadamente de ambas determinaciones ante el Tribunal de Apelaciones. En el recurso de *certiorari* referente a la impugnación de Lilly del Caribe, el Tribunal de

Apelaciones acogió la petición del Estado y desestimó la demanda. Concluyó que Lilly del Caribe incumplió con el requisito jurisdiccional de pago cuando se impugna la totalidad del impuesto. Por su parte, en el caso de DirectTV un panel distinto del Tribunal de Apelaciones decidió no expedir el recurso. Eventualmente, tanto Lilly del Caribe como el Departamento de Hacienda recurrieron ante nos de las respectivas determinaciones. Este Tribunal consolidó los dos casos y, luego de interpretar el texto del Artículo en cuestión y la intención legislativa que motivó su aprobación, resolvimos que el derecho vigente cuando se instaron esos pleitos era que el contribuyente que deseara impugnar la totalidad de la contribución impuesta tenía que pagar el cien por ciento (100%) de la misma como requisito jurisdiccional para presentar su demanda ante los tribunales. Lilly del Caribe, Inc. v. CRIM, supra. En particular, reseñamos que el Art. 3.48, supra, fue incorporado mediante la Ley Núm. 135-1998 y que en el proceso de su aprobación se explicó lo siguiente:

> se establece que durante ese término, el contribuyente deberá pagar la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantiz[á]ndosele el rembolso total de la misma, en caso de prevalecer en su reclamación.
>
> […]
>
> Estas disposiciones uniforman el procedimiento de cobro de las contribuciones a los establecidos en el caso de impugnación ante el

Tribunal de Primera Instancia, para que el CRIM pueda cumplir con su deber ministerial de distribuir a los municipios la parte cobrada. Esto es necesario, **ya que en la práctica los contribuyentes obvian el proceso de revisión administrativo recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso. Lo anterior afecta los ingresos que reciben los municipios por este concepto sobre todo, cuando conscientes del proceso de revisión administrativa [el] contribuyente acude al Tribunal como subterfugio para dejar de pagar sus contribuciones.** Lilly del Caribe, Inc. v. CRIM, supra, págs. 250-251, citando Informe de la Comisión de Asuntos Municipales y de la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 1543, 13ra Asamblea Legislativa, 3ra Sesión Ordinaria, 12 de junio de 1998, pág. 2. (Énfasis suplido).

De esta forma, enfatizamos que la intención de la Legislatura fue

minimizar los efectos en las arcas públicas de que los contribuyentes intenten dilatar y evadir el pago de las contribuciones inmuebles mediante revisiones administrativas e impugnaciones judiciales. Ello tendría como resultado una falta de liquidez que podría repercutir en la prestación de servicios esenciales. Informe del P. de la C. 1543, íd. **Es decir, la Asamblea Legislativa creó un mecanismo, de carácter jurisdiccional, para que un contribuyente promueva su acción impugnatoria solo cuando tiene bases sólidas.** Lilly Del Caribe v. CRIM, supra. (Énfasis suplido).

En vista de que las compañías demandantes en ese caso sólo pagaron el cuarenta por ciento (40%) de la cantidad impugnada, este Tribunal desestimó sus demandas por falta de jurisdicción. Lilly del Caribe, Inc. v. CRIM, supra. Asimismo, sostuvimos que Yiyi Motors, Inc. v. E.L.A., supra, no aplicaba porque, contrario a aquel caso, las partes en Lilly del Caribe v. CRIM, supra, eran deudoras

del tributo que se les impuso y, como tales, se sujetaron a los requisitos del Art. 3.48 de la Ley Núm. 83-1991, supra, en lugar de acudir directamente al Tribunal de Primera Instancia mediante un recurso extraordinario, como ocurrió en Yiyi Motors, Inc. v. E.L.A., supra. Íd., pág. 256. Esta última alternativa -concluyó el Tribunal- sólo la tiene quien no es un contribuyente según la ley, pues el procedimiento dispuesto en el Art. 3.48, supra, no está disponible en esa circunstancia. Lilly del Caribe, Inc. v. CRIM, supra, págs. 256-257.

Seis meses después de haber resuelto lo anterior, esta Curia interpretó nuevamente el Art. 3.48, supra, en Shell v. Srio. de Hacienda, supra. En esa ocasión, la parte demandante también impugnó la totalidad de la contribución impuesta, pero pagó el cuarenta por ciento (40%) de la misma. En consecuencia, el Departamento de Hacienda solicitó sin éxito que se desestimara la acción de impugnación. El Tribunal de Primera Instancia y el Tribunal de Apelaciones entendieron que la norma establecida en Lilly del Caribe v. CRIM, supra, no aplicaba al caso porque se pautó luego de que Shell presentara su acción de impugnación. Llegado el caso ante nuestra consideración, este Tribunal expresó lo siguiente:

> según expresamos en el caso de *Lilly del Caribe v. CRIM*, supra, […] el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro en cuanto a las circunstancias en las que es permisible el pago del cuarenta por ciento de la contribución y cuando se tiene que pagar el cien por ciento de la contribución al impugnar la contribución

notificada. Quiere decir, que *no existe otra possible interpretación al artículo.* Es evidente que el Art. 3.48 de la Ley Núm. 83, *supra*, no contempla la interpretación que pretendió establecer Shell. Es por eso que Shell no puede alegar que confió en una norma anterior que quedó desplazada por una nueva norma. Debido a que el texto del Art. 3.48 de la Ley Núm. 83, *supra*, es claro y libre de ambigüedad, su disposición siempre ha sido la norma establecida. Por lo tanto, a Shell no se le violó el debido proceso de ley. (Énfasis en el original).

Con posterioridad a los hechos que originaron los precedentes antes citados, se aprobó la Ley Núm. 71-2010, la cual enmendó el Art. 3.48 para impugnar las contribuciones sobre la propiedad inmueble del año económico 2010-2011 en adelante. Actualmente este Artículo establece lo siguiente:

(a) Revisión administrativa.- Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el CRIM […] podrá solicitar al CRIM […] una revisión administrativa donde se expresen las razones para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 de este título, siempre y cuando el contribuyente, dentro del citado término y en conformidad con el Reglamento que el Comité Interagencial establezca para la ejecución de la sec. 5051a de este título, según sea el caso:

(1) Pague al CRIM o a la oficina designada por el municipio al que se le haya delegado las facultades contenidas en la sec. 5051a de este título la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la

contribución con la cual no estuviere conforme,

(2) pague al CRIM o a la oficina designada por el municipio al que se le haya delegado las facultades contenidas en la sec. 5051a de este título la totalidad de la contribución impuesta, o

(3) en el caso de la contribución impuesta bajo la sec. 5051a de este título, pague al CRIM o a la oficina designada por el municipio al que se le haya delegado las facultades contenidas en la sec. 5051a de este título, el total de la contribución impuesta.

El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la sec. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta, dentro de los términos prescritos por ley para tener derecho al descuento.

El CRIM […] deberá emitir su decisión dentro de un término de sesenta (60) días a partir de la fecha de radicación de la solicitud de revisión administrativa por el contribuyente. Cuando el CRIM […] no conteste dentro de ese término, se entenderá que ratifica el estimado de contribuciones notificado al contribuyente. […]

**El procedimiento de revisión administrativa deberá completarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contributiva la impugne, según lo dispone el inciso (b) de esta sección.**

(b) Impugnación judicial.- Si el contribuyente no estuviere conforme con la determinación emitida por el CRIM o a la oficina designada por el municipio al que se le haya delegado las facultades contenidas en la sec. 5051a de este título, según sea el caso, de conformidad con el inciso (a) de esta sección, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendario, a

partir de la fecha de depósito en el correo de la notificación de la determinación del CRIM o a la oficina designada por el municipio al que se le haya delegado las facultades contenidas en la sec. 5051a de este título, según sea el caso, al contribuyente. Si el Centro o el Comité Interagencial, según sea el caso, no emite su determinación dentro de un término de sesenta (60) días a partir de la fecha de radicación de la solicitud de revisión administrativa por el contribuyente, el contribuyente podrá impugnar la contribución ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendario, contados a partir del día siguiente de dicho término de sesenta (60) días. 21 LPRA sec. 5098a. (Énfasis suplido).

Nótese que la enmienda efectuada a este Artículo eliminó del inciso (b) sobre impugnación judicial aquella parte que hacía referencia a que el contribuyente que impugnara una contribución hiciera el pago de cuarenta por ciento (40%) o cien por ciento (100%) de la misma. También se eliminó el párrafo que establecía expresamente que tanto la presentación de la impugnación como dicho pago se consideraría un requisito jurisdiccional. Sin embargo, el inciso (a) sobre el proceso de revisión administrativa mantuvo expresamente el requisito de pago y el requerimiento de que se complete el proceso de revisión administrativa previo a poder acudir al foro judicial.

Siendo así, el inciso (a) es claro al exigir que el procedimiento de revisión administrativa, incluyendo el pago correspondiente según nuestra interpretación en Lilly del Caribe v. CRIM, supra, se complete **previo** a la presentación de la acción de impugnación judicial. Del

historial legislativo de la Ley Núm. 71-2010, no se desprende expresión alguna del legislador contraria a su intención original de que el pago fuese un requisito jurisdiccional para impugnar judicialmente la contribución impuesta.

Por el contrario, el legislador mantuvo el lenguaje explícito que dispone que el procedimiento de revisión administrativa deberá completarse como requisito previo para que el contribuyente que no estuviere conforme impugne judicialmente. Como parte de ese procedimiento, el legislador preservó la exigencia de que se pague –dentro del término para presentar la revisión administrativa- el cien por ciento (100%) de la parte de ésta con la cual estuviera conforme más el cuarenta por ciento (40%) de la parte cuestionada cuando se impugna el tributo parcialmente. Más bien, al aprobar la Ley 71-2010 el legislador se concentró en crear un registro de propiedades inmuebles no tasadas, conceder beneficios y exenciones contributivas y tasar, cobrar y distribuir los cobros realizados.

Por ello, ante las poderosas consideraciones de política pública que informaron la intención original del legislador, así como la jurisprudencia interpretativa (particularmente Lilly del Caribe v. CRIM, supra, y Shell v. Srio. de Hacienda, supra) y la manera como está estructurado el procedimiento de revisión administrativa e impugnación judicial, entendemos que el requisito del

previo pago de la contribución -ya sea en su totalidad o de forma parcial- sigue siendo de naturaleza jurisdiccional.[1] Tal y como dispone el actual Art. 3.48, supra, un contribuyente inconforme con la contribución notificada puede solicitar la revisión administrativa *siempre y cuando* pague al CRIM dentro del término provisto la totalidad o parte de la contribución, según sea el caso. Asimismo, antes de impugnar judicialmente la determinación del CRIM, el contribuyente *tiene* que completar el procedimiento de revisión administrativa como *requisito previo*.

Y es que no puede ser de otro modo. Antes de la enmienda, el Art. 3.48 contenía lenguaje superfluo pues establecía como requisito jurisdiccional tanto para la revisión administrativa como para la impugnación judicial el pago al CRIM de la contribución. Se trataba de una expresión legislativa confusa y baladí, ya que el propio Artículo exigía que el procedimiento administrativo se completara como requisito previo para presentar la impugnación judicial, lo cual tenía el efecto de hacer redundante el requerimiento de pago ante el foro judicial. La enmienda efectuada mediante la Ley Núm. 71-2010 aclaró

---

[1] Por su parte, también vale mencionar que el Reglamento de Procedimiento Administrativo para Impugnar la Notificación de Contribuciones sobre la Propiedad Inmueble, Reglamento Núm. 7221 del Centro de Recaudaciones de Ingresos Municipales, no ha sido objeto de enmienda para alterar el cáracter jurisdiccional del pago de la contribución, según está dispuesto en su Artículo IX, *Inicio del procedimiento de revisión administrativa*: "El pago de la contribución del modo aquí dispuesto constituirá un requisito jurisdiccional para la presentación de una solicitud de revisión administrativa, según lo dispuesto por la Ley 83 y este Reglamento".

este punto y dispuso de manera más ordenada las dos etapas del procedimiento. Se eliminó, pues, lo referente al pago de la contribución en la etapa de impugnación judicial. Ello, ya que dicho pago estaba previsto en la fase administrativa y su carácter jurisdiccional había sido reconocido mediante interpretación judicial desde antes de la aprobación de la Ley Núm. 71-2010, Villamil Development v. CRIM, 171 DPR 392, 405-06 (2007).[2]

Así pues, y tomando en cuenta todo lo antes explicado, surge indubitadamente la intención legislativa de considerar el requisito de previo pago como uno de naturaleza jurisdiccional a los efectos de la revisión administrativa y la posterior impugnación judicial de una notificación contributiva, a tenor con lo establecido en el Art. 3.48 de la Ley Núm. 83-1991, supra, según enmendada. Martínez v. Departamento del Trabajo, 145 DPR 588, 592 (1998) (donde este Tribunal concluyó que el cumplimiento de los requisitos de la Sección 4.1 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 2172, sobre revisión judicial tienen carácter jurisdiccional, aunque dicha Ley no lo establezca

---

[2] Aunque los hechos que dieron lugar a las controversias en Lilly del Caribe v. CRIM, 185 DPR 239 (2012), y en Shell v. Srio. de Hacienda, 187 DPR 109 (2012), sucedieron cuando aún no había entrado en vigor la Ley 71-2010 -por lo cual no tuvimos que aplicar el Art. 3.48 enmendado para resolver la controversia- este Tribunal expresó en una nota al calce que "[a]unque la Ley Núm. 71-2010 enmendó este artículo para reflejar el nuevo esquema que promueve el registro de las propiedades inmuebles no tasadas y propiedades comerciales e industriales con mejoras no tasadas(...)lo relacionado con el aspecto jurisdiccional no sufrió cambio alguno con la nueva ley". Lilly del Caribe v. CRIM, supra, en la pág. 250 n. 1. Similar expresión se puede encontrar también en Shell v. Srio. de Hacienda, supra, en la pág. 120 n. 11.

expresamente); Lugo Rodríguez v. J.P., 150 DPR 29, 47 (2000).

Consecuentemente, al interpretar la versión enmendada del Art. 3.48, supra, concluimos que tanto la revisión administrativa como el pago requerido durante esta etapa siguen siendo de carácter jurisdiccional. Por tanto, un contribuyente que desee impugnar la totalidad de la contribución impuesta tiene que pagar el cien por ciento (100%) de la misma durante el trámite administrativo como requisito previo a la presentación de una acción de impugnación judicial. Lo mismo cabe decir para cuando se impugna parcialmente una contribución, en cuyo caso deberá pagar el cien por ciento (100%) de la parte con la cual estuviera conforme y el cuarenta por ciento (40%) de la parte disputada como requisito previo a la acción de impugnación judicial. En ambos casos, el pago tendrá carácter jurisdiccional.

## III

Es un hecho no controvertido que COSVI no acompañó sus cuatro recursos de revisión administrativa con un pago correspondiente al cien por ciento (100%) de las contribuciones impuestas, a pesar de impugnar la totalidad de las mismas. Como vimos anteriormente, el Art. 3.48, supra, así lo exige como requisito previo a instar una acción de impugnación judicial.

COSVI argumenta que lo resuelto en Lilly del Caribe, Inc., supra, no aplica al caso de autos porque se decidió

después de que COSVI presentara sus acciones de impugnación. No tiene razón. Este Tribunal consideró y descartó este tipo de planteamiento en Shell v. Srio. de Hacienda, supra, al resolver que el Art. 3.48, supra, siempre contempló el requisito de pago como uno cuyo incumplimiento privaría de jurisdicción al foro judicial.[3] Por consiguiente, no hay espacio para interpretar que se trata de una nueva norma de derecho con carácter prospectivo.

En la alternativa, COSVI alega ante nosotros que no tenía que agotar remedios administrativos, en virtud de lo resuelto en Yiyi Motors, Inc. v. E.L.A., supra. Su planteamiento carece de méritos. Este Tribunal también consideró y descartó este tipo de argumento en Lilly del Caribe, Inc., supra, al concluir que Yiyi Motors, Inc. v. E.L.A., supra, no aplicaba a las controversias ante sí ya que las partes estaban sujetas al impuesto y por ello instaron una acción de impugnación de contribución, sometiéndose a los requisitos del Art. 3.48 de la Ley Núm. 83-1991, supra. Lo mismo sucede en el caso que hoy consideramos. COSVI no podía acudir directamente al Tribunal de Primera Instancia mediante una demanda de *injunction*. Su alternativa era presentar una acción de

---

[3] Por ello, tanto en Lilly del Caribe, Inc., supra, como en Shell v. Srio. de Hacienda, supra, desestimamos las reclamaciones presentadas por los contribuyentes por éstos haber incumplido con el pago del cien por ciento (100%) del impuesto impugnado. De esa manera, descartamos que pudiera subsanarse -mediante el pago posterior- el defecto jurisdiccional del que adolecía la impugnación en ambos casos.

impugnación de contribución -como hizo-, con lo cual se sujetó al requisito del pago en cuestión.

Por ende, es forzoso concluir que COSVI no cumplió con lo requerido para acudir ante el foro judicial para impugnar en su totalidad las contribuciones impuestas pues incumplió con el requisito de acompañar sus cuatro recursos de revisión administrativa con un pago correspondiente al cien por ciento (100%) de las contribuciones impugnadas. En consecuencia, procedía la desestimación de sus recursos.

IV

Por los fundamentos antes expuestos, confirmamos la Sentencia del Tribunal de Apelaciones y la desestimación de los recursos de revisión judicial presentados por COSVI.

Se dictará Sentencia de conformidad.

Maite D. Oronoz Rodríguez
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Cooperativa de Seguros de Vida
de Puerto Rico

Peticionaria

                                      AC-2013-3

          v.

Centro de Recaudaciones de
Ingresos Municipales

Recurrida



                        SENTENCIA


          En San Juan, Puerto Rico, a 15 de junio de
          2015.


               Por los fundamentos expuestos en la
          Opinión que antecede, la cual se hace formar
          parte de la presente Sentencia, confirmamos la
          Sentencia del Tribunal de Apelaciones y la
          desestimación de los recursos de revisión
          judicial presentados por la Cooperativa de
          Seguros de Vida de Puerto Rico.

               Así lo pronunció y manda el Tribunal y
          lo certifica la Secretaria del Tribunal
          Supremo.  La Juez Asociada señora Rodríguez
          Rodríguez concurre sin Opinión escrita.  La
          Jueza Presidenta señora Fiol Matta disiente
          sin Opinión escrita.



                        Aida Ileana Oquendo Graulau
                      Secretaria del Tribunal Supremo