**UNITED STATES of America,
Plaintiff,**

v.

**Jerome D. SHANMAN, Defendant.**

**No. AC/894.**

United States District Court
E. D. South Carolina,
Columbia Division.

April 22, 1963.

---

11. 31 P.L.E. Release, §§ 6, 31, 37, 38; also see Prosser, Privacy, supra, note 4, p. 419.

Terrell L. Glenn, U. S. Atty., Columbia, S. C., Louis F. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast, James N. McCune, Attys., Dept. of Justice, Washington, D. C., for plaintiff.

Douglas McKay, Jr., McKay, McKay, Black & Walker, Columbia, S. C., for defendant.

WYCHE, District Judge.

The above case is before me upon motion of the defendant for "an Order of Summary Judgment dismissing the foregoing action against him on the ground that the proceeding is barred by the Statute of Limitation relating to the collection of income taxes allegedly due, particularly Section 6502 of Title 26, United States Code. The defendant will further contend that the plaintiff has been guilty of undue delay and laches in considering and rejecting proposed offers of compromise made by this defendant, that more than twelve (12) years has elapsed between the time the tax was assessed and the time the foregoing action was instituted, and in support of said Motion defendant will rely on the pleadings, the Interrogatories proposed by defendant to the plaintiff and plaintiff's Responses thereto, and the attached Affidavit."

This suit was instituted by the United States on April 6, 1962, to collect income tax deficiencies, penalties and interest for the years 1943, 1944, 1945, and 1946, totalling $44,897.56 plus interest, duly assessed by the Commissioner of Internal Revenue on March 11, 1949.

The statute involved in this suit is as follows: Internal Revenue Code of 1939, 26 U.S.C.A. §§ 275, 276: " § 275. Period of limitation upon assessment and collection. Except as provided in section 276— * * *.

" § 276. Same—Exceptions. * * *

"(c) *Collection after assessment.* Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

Subsequent to the assessments, but prior to the expiration of the six-year period of limitation for collection, the taxpayer executed three offers in compromise which were rejected by the Commissioner of Internal Revenue.

The first offer in compromise was received on October 4, 1951, and rejected January 26, 1955.

The second offer in compromise was received on July 19, 1956, and rejected on June 7, 1957.

The third offer in compromise was received on February 3, 1961, and rejected on June 30, 1961.

The offers in compromise were executed on Treasury Form 656, which states in part: "In making this offer, and as a part consideration thereof, * * * the proponent hereby expressly waives: * * * 2. The benefit of any statute of limitation applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any install-ment remains unpaid, and for one year thereafter."

The taxpayer contends that the one additional year suspension of the statute of limitation under paragraph 2 of the offer in compromise applies only to "the period during which any installment remains unpaid" and that this suit is, therefore, barred by the statute of limitations.

No case has been cited and I have found none in support of the taxpayer's contention.

■ The purpose of giving a waiver in connection with an offer in compromise is to enable the Government to consider the offer without suffering prejudice because of the running of the statute of limitations against collection of the tax while the offer is being considered. The taxpayer, in submitting such an offer and waiver, in effect requests the Government to withhold attempts to collect the tax while the offer is pending, and, in consideration of this forbearance on the part of the Government, consents to forego the benefit of having the statute of limitations run while his offer is pending. Where successive waivers have been given to the Government by the taxpayer for the purpose of tolling the statute of limitations it has been held that the parties intended that the statute should be suspended over the entire period covered by such waivers. United States v. Havner, 101 F.2d 161 (C.A.8, 1939).

The waivers signed by the defendant in this case state distinctly that the running of the statute of limitations is suspended for the period during which the offer is pending, and for one year thereafter.

The assessments in this case were made by the Commissioner on March 11, 1949, and had no waiver agreement been signed by the taxpayer, the statute would have expired six years from that date, or on March 11, 1955.

■ By virtue of the waiver signed by the defendant on October 4, 1951, the statute was suspended from that date

until January 26, 1955, the date of rejection of the defendant's offer. The time during which the statute of limitations was thus suspended totaled three years, three months, and twenty-two days. To this three years, three months, and twenty-two days must be added the additional one year-period of further extension of the statute, which the taxpayer, by the terms of his signed waiver expressly agreed should be given. The one year, and three years, three months, and twenty-two days from March 11, 1955, would be July 3, 1959, the new limitation date.

By virtue of the waiver signed by the defendant on July 19, 1956, the statute was suspended from that date until June 7, 1957, the date of rejection of the defendant's offer. The time during which the statute of limitation was thus suspended totaled ten months and nineteen days. To this ten months and nineteen days must be added the additional one year period of further extension of the statute, which the taxpayer by the terms of his signed waiver expressly agreed should be given. The one year, and ten months and nineteen days from July 3, 1959, would be May 22, 1961, the new limitation date.

By virtue of the waiver signed by the defendant on February 3, 1961, the statute was suspended from that date until June 30, 1961, the date of rejection of the defendant's offer. The time during which the statute of limitation was thus suspended totaled four months and twenty-seven days. To this four months and twenty-seven days must be added the additional one year period of further extension of the statute, which the taxpayer, by the terms of his signed waiver expressly agreed should be given. The one year, and four months, twenty-seven days, from May 22, 1961, would be October 19, 1962, the new limitation date.

This suit was instituted on April 6, 1962, and was, therefore, in my opinion, timely.

See, United States v. Bank of Commerce & Trust Co., 32 F.Supp. 942 (D.C. W.D.Tenn., 1940), affirmed 124 F.2d 187 (C.A.6); United States v. Bosk, 180 F. Supp. 869 (D.C.S.D.Fla.).

The defendant's attorneys in oral argument and in their written brief concede that the Government cannot be guilty of laches in an instance of this nature. See, United States v. Drielinger, 21 F.2d 211 (D.C.S.D.N.Y.1927).

For the foregoing reasons, it is ordered, that the motion of the defendant for summary judgment be and the same is hereby denied.