Rafael A. Carazo, etc., peticionarios y recurridos, *v.* Secre-
tario de Hacienda, demandado y recurrente.

*Número:* R-85-30      *Resuelto:* 12 de febrero de 1987

308

*Américo Serra, Procurador General Interino, Justo Gorbea Varona, Procurador General Auxiliar,* abogados de la parte peticionaria; *Rafael A. Carazo,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Dilucidamos la interrogante en torno a si la Ley de Contribuciones sobre Caudales Relictos y Donaciones —Núm. 167 de 30 de junio de 1968— provee un mecanismo alterno, legalmente válido, para el Departamento de Hacienda cobrar unas contribuciones que están *prescritas* bajo la Ley de Contribuciones sobre Ingresos —Núm. 91 de 29 de junio de 1954.

I

Clemente Carazo González falleció el 16 de enero de 1981. Dejó solamente una cuenta corriente bancaria ascendente a $3,145.42. Luego de retirado $1,482.50 para el pago de los gastos funerales, quedó un balance de $1,662.92.

El 25 de junio de 1981, su hijo Rafael A. Carazo, único y universal heredero, sometió al Departamento de Hacienda la correspondiente planilla corta de Contribución sobre Caudal Relicto. (¹) La misma reflejaba que el caudal relicto no estaba sujeto a contribución. Hasta el presente el Departamento de Hacienda no ha notificado deficiencia alguna con relación a esta planilla. No obstante, por carta dirigida al causante, se informó que éste adeudaba $1,565.06 por concepto de contribuciones sobre *ingresos* correspondiente a los años contributivos 1963 al 1968 y 1974 al 1979, más $2,446.01 de intereses y recargos, para un total de $4,011.07. Las fechas de tasación de las deficiencias correspondientes a los años 1963 al 1968 fueron entre el 5 de junio de 1964 y el 15 de abril de 1969 y la de los años 1974 al 1979, entre el 18 de julio de 1975 y el 4 de agosto de 1980.

El 30 de marzo de 1983, a tenor con la Sec. 433 de la mencionada Ley de Caudales Relictos y Donaciones, Carazo solicitó un relevo de Hacienda respecto a los fondos depositados, condicionado a que el banco expidiera un cheque a nombre del Secretario de Hacienda por $296.07, para satisfacer el principal de las contribuciones sobre ingresos de los años contributivos 1975 a 1979. A juicio suyo, solamente esos años eran exigibles. Además, pidió que se autorizara al banco a desembolsar el balance de $1,363.85 de la referida cuenta, una vez se presentase el recibo oficial del pago de los $296.07.

El Departamento de Hacienda denegó el relevo. Determinó que las contribuciones sobre ingresos adeudadas por el cau-

---

(¹) 13 L.P.R.A. sec. 5300.

sante desde 1965 a 1968 no estaban prescritas y eran exigibles.

Carazo instó demanda sobre sentencia declaratoria ante el Tribunal Superior, Sala de San Juan. Alegó que el Departamento de Hacienda tenía el deber ministerial de expedir el relevo de contribución sobre *caudales relictos* y donaciones con relación a la cuenta de banco; que sólo estaba obligado a satisfacer $296.07 por concepto de contribuciones sobre *ingresos* adeudadas por su causante, y que el remanente de la deuda estaba prescrita pues nunca su causante suscribió acuerdo para prorrogar el período prescriptivo. El tribunal acogió sus planteamientos. A solicitud del Departamento de Hacienda revisamos.

## II

■ El diseño jurídico y administrativo vigente en materia fiscal incorpora varios mecanismos para el Estado cobrar contribuciones adeudadas. Entre los métodos tradicionales reconocidos se destacan: (1) el pago voluntario; (2) la retención; (3) el requerimiento del Secretario de Hacienda; (4) el procedimiento de apremio, y (5) otros procedimientos autorizados por ley. 9 *Mertens, Law of Federal Income Taxation* Sec. 49.217; J. C. Chommie, *The Law of Federal Income Taxation*, St. Paul, Minn., West Pub. Co., 1968, pág. 650.

■ El cobro de contribuciones por el Estado no es irrestricto. Está sujeto a trámites mínimos de "debido proceso de ley", a la exigibilidad y validez de la deuda, y a los términos prescriptivos dispuestos en los diversos estatutos.

■ En lo pertinente al caso, la Sec. 276(c) de la Ley de Contribuciones sobre Ingresos fija siete (7) años, como término prescriptivo, para el inicio de un procedimiento en cobro de contribuciones previamente tasadas. Dispone:

Cuando la tasación de cualquier contribución sobre ingresos impuesta por este Subtítulo hubiere sido hecha dentro del período de prescripción propiamente aplicables a la misma, dicha contribución podrá ser cobrada mediante procedimiento de apremio o mediante procedimiento en corte siempre que se comiencen (1) dentro de siete (7) años después de la tasación de la contribución, ó (2) con anterioridad a la expiración de cualquier período para el cobro que se acuerde por escrito antes de cualquier período de siete (7) años entre el Secretario de Hacienda y el contribuyente. El período así acordado podrá prorrogarse por acuerdos escritos sucesivos hechos antes de la expiración del período previamente acordado. 13 L.P.R.A. sec. 3276 (c).

■ La Sec. 423 (a) (1) de la misma ley impone un "gravamen preferente a favor del Estado Libre Asociado de Puerto Rico sobre todos los bienes inmuebles y derechos reales del contribuyente a partir de la fecha en que los recibos de contribuciones estén en poder del colector y continuará en vigor hasta que el monto adeudado sea totalmente satisfecho, o *hasta que haya expirado el término para el comienzo de un procedimiento de apremio o de un procedimiento en corte para su cobro*". (Énfasis suplido.) 13 L.P.R.A. sec. 3423 (a) (1).

■ En su origen, los antecedentes de la Sec. 276 (c) de nuestra Ley de Contribuciones sobre Ingresos, al igual que su concordante, la Sec. 6502 (a) del Código de Rentas Internas federal, (2) se remontan a la Sec. 276 (c) del Código de Rentas

---

(2) Dispone:

*"Collection after assessment*

"(a) *Length of period.*—Where the assesment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

"(1) within 6 years after the assessment of the tax, or

"(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

Internas de 1939 de E.U. y la Sec. 278 de la Ley de Contribuciones de 1924 de P.R. A su amparo, nuestras decisiones interpretadoras del alcance de estos términos prescriptivos, reflejan una tendencia judicial uniforme a proteger la ciudadanía de procedimientos de cobros indebidos por contribuciones atrasadas. Como norma general, expirado el término dispuesto por ley sin el Estado haber iniciado el procedimiento para cobrar las contribuciones adeudadas y tasadas, está impedido de cobrarlas. *Ramos v. Srio. de Hacienda,* 85 D.P.R. 424 (1962); *González Padín Co. v. Tribl. de Contribuciones,* 66 D.P.R. 964, 980 (1947); *Pueblo v. Sucn. Serrallés,* 40 D.P.R. 228, 232 (1929). Igual enfoque ha prevalecido en la jurisdicción federal. *Russell v. United States,* 278 U.S. 181 (1929); *United States v. Updike,* 281 U.S. 489, 495 (1930); *Bowers v. N.Y. & Albany Co.,* 273 U.S. 346, 349 (1927); *United States v. Newman,* 405 F.2d 189, 198 (5to Cir. 1968); *United States v. Shanman,* 216 F. Supp. 408 (E.D. South Car. 1963); *In re Bowen,* 58 F. Supp. 286, 298 (E.D. Pa. 1944), *cf.* 138 F.2d 22 (3er Cir. 1943); *United States v. Fisher,* 57 F. Supp. 410, 415 (E.D. Mich. 1944).

## III

En el caso de autos el Departamento de Hacienda admite que los bienes del causante Carazo González no están sujetos al gravamen que impone la Sec. 423 antes citada, por el monto de las deudas contributivas de 1963 a 1968. Reconoce que el período de siete (7) años establecido en la Sec. 276(c), para iniciar los procedimientos de apremio o judiciales, expiró sin que hubiera actuado. No obstante, basa y reitera su negativa a expedir el relevo en las Secs. 53(2) y 431 de la Ley de Con-

---

"The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The period provided by this subsection during which a tax may be collected by levy shall not be extended or curtailed by reason of a judgment against the taxpayer." 26 U.S.C. sec. 6502(a).

tribuciones sobre Caudales Relictos y Donaciones, hasta que sean satisfechas todas las contribuciones no pagadas por el heredero Carazo. 13 L.P.R.A. secs. 5053 (2) y 5431. Fundado en nuestra decisión en *Pagán* v. *Tribl. Contribuciones*, 73 D.P.R. 654 (1952), nos argumenta la tesis de que la Ley sobre Caudal Relicto provee un procedimiento alterno para cobrar contribuciones atrasadas, que no está sujeto al término prescriptivo de la Sec. 276 (c) de la Ley de Contribuciones sobre Ingresos. ([3])

En efecto, en *Pagán* v. *Tribl. Contribuciones*, supra, pág. 658 —al interpretar la Sec. 61 (c) de la entonces vigente ley, igual a la actual Sec. 276 (c)— dijimos que el "período prescriptivo para entablar un procedimiento judicial o trabar un embargo (apremio) para cobrar una contribución tasada e impuesta, . . . solamente imp[edía] al Tesorero ejercitar dichos remedios pero en forma alguna limita[ba] su derecho a cobrar la contribución por otros medios que pu[dieran] existir en ley". En virtud del Art. 124 del Código Político, ([4]) —que prohíbe el desembolso de fondos públicos a favor de persona que tenga deudas atrasadas con el Pueblo de Puerto Rico y permite el descuento en los sueldos gubernamentales para satisfacerlas— resolvimos que ello constituía un método alterno *en ley* para cobrar contribuciones atrasadas, que no es-

---

([3]) *"Cancelación de gravamen*

"(a) *Obligación satisfecha.*—El Secretario deberá, sujeto a aquellas reglas y reglamentos que prescriba, expedir un certificado de cancelación del gravamen con respecto a cualquier o toda la propiedad sujeta a gravamen impuesto por la sec. 5431 de este título, si el Secretario encontrare que la obligación garantizada por dicho gravamen ha sido totalmente satisfecha o que se ha provisto adecuadamente para su cumplimiento. 13 L.P.R.A. sec. 5433 (a).

([4]) Este artículo fue derogado y su lenguaje incorporado en el Art. 9(j) de la Ley de Contabilidad del Gobierno de Puerto Rico —Núm. 230 de 23 de julio de 1974 (3 L.P.R.A. sec. 283h(j)). Véase G. Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico*, San Juan, Inst. Contribuciones P.R., 1981, págs. 631–632.

314

taba sujeto al término prescriptivo establecido en la referida Sec. 61 (c) derogada.

El planteamiento exige dictaminar si bajo la Ley de Caudales Relictos existe tal mecanismo alterno para cobrar unas contribuciones, que bajo la Sec. 276 (c) de la Ley de Contribuciones sobre Ingresos están prescritas.

## IV

■ La Sec. 53 (2) de la Ley de Caudales Relictos, dispone que serán deducibles del caudal relicto bruto "[l]as contribuciones, *de todo género*, que a la fecha del fallecimiento sean *exigibles al causante* por el Estado Libre Asociado de Puerto Rico". (Énfasis suplido.) 13 L.P.R.A. sec. 5053 (2). Por otro lado, la Sec. 431 (a) de la misma ley ([5]) impone un gravamen preferente a favor del Estado, sobre todos y cada uno de los bienes del caudal relicto bruto, por las contribuciones "incluibles como bajas del caudal según la sec. 5053". Con apoyo en ambos textos, el Departamento de Hacienda argumenta que las contribuciones aquí adeudadas eran "exigibles al causante", por lo cual los bienes del caudal están gravados a su favor hasta que sean satisfechas. No nos convence dicho razonamiento.

■ Primeramente, las contribuciones *prescritas* no son "exigibles" si expresamente no existe mecanismo válido en ley

---

([5]) *"Gravamen preferente*

"(a) *Gravamen sobre propiedad transferida.*—Todas las contribuciones impuestas por este Subtítulo, y toda otra clase de contribuciones ya determinadas incluidas o incluibles como bajas del caudal según la sec. 5053 de este título, constituirán un gravamen preferente a favor del Estado Libre Asociado de Puerto Rico sobre todos y cada uno de los bienes del caudal relicto bruto u objeto de la donación, según sea el caso. El gravamen provisto por esta sección se originará en la fecha de la transferencia; será gravamen preferente a todas las deudas, créditos u obligaciones de cualquier clase que se originen en o después de la fecha de dicha transferencia y continuará vigente hasta que fuere cancelado, según lo provisto en la sec. 5433 de este título." 13 L.P.R.A. sec. 5431 (a).

para cobrarlas. A diferencia del caso de *Pagán* v. *Tribl. Contribuciones*, supra —donde había una disposición del Código Político que permitía directamente deducir del sueldo de un empleado público las contribuciones no pagadas— aquí la Ley de Caudales Relictos no dispone un mecanismo análogo. La interpretación propuesta dejaría trunca y sin ningún significado la palabra clave "exigible", contenida en la Sec. 53. Su inserción lógicamente presupone que existen ciertas deudas contributivas que *no son exigibles*. De prevalecer la tesis de Hacienda, *toda* deuda contributiva dejada de satisfacer sería "exigible". El argumento equipara erróneamente "contribuciones que sean exigibles" a "contribuciones que no se han pagado". En buena y justa hermenéutica tenemos que rechazar esta interpretación. "[L]a voz 'exigible' refiriéndose a una obligación, significa que puede demandarse su cumplimiento." *Guadalupe* v. *Rodríguez*, 70 D.P.R. 958, 966 (1950). El concepto lleva ínsito el elemento de legalidad.

> No siendo exigible una contribución prescrita, salvo que existan los hechos para dar aplicación a otro mecanismo de cobro como es por ejemplo, el Artículo 124 del Código Político . . . no se constituye con respecto a ellas, el gravamen que establece la sección 431(a). Por lo tanto, sustentamos el criterio de que no es necesario requerir que se cancele gravamen alguno por la sección 433 en el caso de las otras contribuciones cuando están prescritas.
>
> De otro modo, siendo la muerte un hecho ineludible, se convertirían consecuentemente en letra muerta todos los términos prescriptivos de las leyes contributivas en Puerto Rico como cuestión de realidad, y se nos hace difícil atribuir un propósito de tal magnitud al legislador al aprobar la Ley 167 del 1968. G. Meléndez Carrucini, *El Gravamen Preferente bajo la Ley de Contribuciones sobre Caudales Relictos y Donaciones de Puerto Rico,* 37 Rev. C. Abo. P.R. 155, 169–170 (1976). Véase además, G. Meléndez Carrucini, *Procedimiento Contributivo de P.R.,* San Juan, Inst. Contribuciones P.R., 1981, págs. 633–635.

Segundo, en su Sec. 431 (a) la Ley sobre Caudal Relicto establece un gravamen preferente y *no* un procedimiento para el cobro de contribuciones debidas. Sólo crea una garantía para el cobro de aquellas deudas contributivas *exigibles* a la fecha del fallecimiento del contribuyente.

Este gravamen es similar al de la Sec. 423 de la Ley de Contribuciones, respecto a contribuciones dejadas de satisfacer. La vigencia del gravamen hasta que el monto adeudado sea totalmente satisfecho, *"o hasta que haya expirado el término para el comienzo de un procedimiento de apremio o de un procedimiento en corte para su cobro"*. (Énfasis suplido.) El lenguaje es sumamente orientador. Sería un contrasentido concluir que la Asamblea Legislativa pretendió dejar al Estado sin el beneficio del gravamen, luego de transcurridos siete (7) años, para luego reimponerlo cuando el deudor muere. No encontramos fundamento para sostener que ese sea el propósito legislativo. (⁶)

En resumen, los bienes de un causante están gravados por el monto de la contribución sobre herencia y sobre ingresos impagada. Este gravamen subsiste mientras los correspondientes plazos de prescripción no transcurran. Las gestiones legítimas del Departamento de Hacienda de cobrar contribuciones adeudadas están sujetas a los trámites de ley y a los períodos prescriptivos apuntados. De su fiel observancia y el convencimiento por la ciudadanía de que el procedimiento de cobro plasmado en nuestra legislación tributaria, en la práctica, es justo y equitativo para todos, dependerá su

---

(⁶) El Código de Rentas Internas federal sigue un esquema similar. Las Secs. 6321 y 6322 imponen un gravamen sobre la propiedad del contribuyente hasta que la deuda sea satisfecha, "o no pueda ponerse en vigor por razón del transcurso del tiempo". (Traducción nuestra.) 26 U.S.C. sec. 6322. Igual gravamen y tratamiento contempla la Sec. 6324 de dicha ley sobre los bienes del caudal relicto. Finalmente, la Sec. 6325 obliga al Secretario del Tesoro a emitir un certificado de relevo si las deudas fueron satisfechas "o legalmente no son ejecutables". (Traducción nuestra.) 26 U.S.C. sec. 6325.

efectividad. El reclamo a los herederos de las deudas por contribución sobre ingresos de un causante, *prescritas* al momento del cobro de la contribución sobre el caudal relicto, es una práctica no autorizada en ley.

Aplicado el derecho reseñado al presente caso, es ineludible concluir que los únicos bienes (cuenta bancaria) del caudal relicto del causante Carazo González sujetos a contribución por herencia —por haber prescrito las deudas contributivas de 1963 a 1968— y al gravamen a favor del Estado son las cantidades correspondientes a la deuda contributiva de los años 1974 a 1979. En consecuencia, conforme la Sec. 433 de la Ley de Contribuciones sobre Caudales Relictos y Donaciones, el Departamento de Hacienda venía y viene obligado a expedir el certificado de cancelación de gravamen solicitado por su hijo Rafael A. Carazo, sujeto a que satisfaga las deudas contributivas de 1974 y 1979. No erró el foro de instancia.

## V

En su segundo señalamiento, el Departamento de Hacienda cuestiona que el tribunal concluyera que el caudal relicto de Carazo González sólo responde por el principal de las deudas no prescritas, *sin intereses ni recargos*. Aduce que era menester que hubiese satisfecho la totalidad de la contribución para ser acreedor a esa dispensa.

Carazo solicitó el relevo el 30 de marzo de 1983, y pidió la expedición de un cheque a favor del Secretario de Hacienda por el monto de la deuda principal no prescrita. A esa fecha estaba en vigor la Ley Núm. 2 de 4 de enero de 1983, según enmendada. (⁷) Su Sec. 1 disponía:

(a) Todo contribuyente que, en o antes del 30 de junio de 1983, pague en su totalidad *cualquier contribución que adeudare* al Estado Libre Asociado o a sus Municipios, será relevado del pago de intereses, recargos y otras penalidades

---

(⁷) Ley Núm. 14 de 30 de marzo de 1983, Leyes de Puerto Rico, pág. 21.

por razón del retraso en dicho pago de conformidad con las siguientes normas:

(i) El cien (100) por ciento del monto total de dichos intereses, recargos y penalidades si el pago total o final de la contribución se efectúa en o antes del *18 de mayo de 1983*. (Énfasis suplido.)

De ordinario, para un contribuyente ser elegible y poder acogerse a este tipo de beneficio, debe cumplir estrictamente con todos los requisitos legales, en particular el pago *oportuno* de la deuda contributiva. Recae sobre éste desplegar las diligencias necesarias y realizar los arreglos económicos conducentes a ese fin. En ausencia de mandato legal, la carencia de suficientes recursos líquidos para solventar en tiempo una deuda contributiva, no es motivo para establecer una excepción.

Sin embargo, la cuestión cobra otra dimensión y exige paleativo judicial cuando esa iliquidez es el resultado directo de una negativa infundada del Departamento de Hacienda. Tal es el caso de autos. Carazo, diligentemente, planteó y estuvo en disposición de pagar dentro del período de gracia concedido por la ley. Si el Departamento de Hacienda hubiese realizado lo que en derecho procedía —emitir el relevo correspondiente sujeto al pago de lo realmente debido— indubitadamente que se hubiese beneficiado de la ley. Fácilmente pudo haber cancelado el gravamen con relación al monto de aquellas contribuciones que Carazo ofreció pagar, y dejar pendiente la determinación de si procedía o no con relación al balance de las otras contribuciones.

En estas circunstancias, por vía de justa excepción judicial, la omisión de pago dentro del término provisto por ley —que dependió exclusivamente de la falta de acción afirmativa del propio Departamento de Hacienda— no debe perjudicarle. Valga recordar que la "equidad considera como hecho aquello que debió haberlo sido". *Las Monjas Racing Corp.* v. *Sancho Bonet, Tes.*, 55 D.P.R. 146, 150 (1939).

*Se dictará sentencia confirmatoria.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión escrita. El Juez Presidente Señor Pons Núñez y los Jueces Asociados Señores Ortiz y Hernández Denton se inhibieron.