EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lifescan Products, LLC<br><br>        Peticionaria<br><br>              v.<br><br>Centro de Recaudación de Ingresos Municipales; y Gloria Santos Rosado, en su carácter oficial como Directora Ejecutiva del Centro de Recaudación de Ingresos Municipales<br><br>        Recurridos | Certiorari<br><br>2015 TSPR 114<br><br>193 DPR ____ |

Número del Caso:    CC-2014-321


Fecha: 19 de agosto de 2015


Tribunal de Apelaciones:

        Región Judicial de Aguadilla


Abogados de la Parte Peticionaria:

        Lcdo. Manuel Moreda Toledo
        Lcdo. Rubén Muñiz
        Lcda. Britt Arrieta Rivera

Abogados de la Parte Recurrida:

        Lcda. Solymar Castillo Vargas
        Lcdo. Ángel X. Viera Vargas


Materia: Contribuciones – Impugnación de deuda notificación de deuda notificada: Cantidad a pagar en el proceso de impugnación según el Art. 3.48 de la Ley de Contribuciones de ingresos Municipales sobre la Propiedad (Ley Núm. 83-1991).


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lifescan Products, LLC<br><br>Peticionaria<br><br>v.<br><br>Centro de Recaudación de Ingresos Municipales; y Gloria Santos Rosado, en su carácter oficial como Directora Ejecutiva del Centro de Recaudación de Ingresos Municipales<br><br>Recurridos | CC-2014-0321 | *Certiorari* |

Opinión del Tribunal emitida por el Juez Asociado señor Rivera García

En San Juan, Puerto Rico, a 19 de agosto de 2015.

El Centro de Recaudación de Ingresos Municipales (CRIM) notificó una deuda de una contribución sobre una propiedad inmueble. El contribuyente, conforme únicamente con una parte de la deuda notificada por discrepancias con el método utilizado por el CRIM para valorar la propiedad en controversia, presentó una solicitud de revisión administrativa. Para ello, pagó el 100% de la cantidad notificada que estimó correcta y el 40% del restante con el cual estaba inconforme. En ese contexto, nos corresponde determinar lo siguiente: ¿está obligado un contribuyente a pagar el 100% de la deuda que exige el Art. 3.48 de la Ley de Contribuciones de Ingresos Municipales sobre la Propiedad, Ley Núm. 83-1991 (Ley Núm.

83) dependiendo del fundamento que utilice para impugnar?[1] Hoy contestamos negativamente esa interrogante.

En el contexto particular de este caso y para efectos de la intención legislativa bajo el referido Art. 3.48 de la Ley Núm. 83, supra, la impugnación del método utilizado por el CRIM para valorar la propiedad no constituye una impugnación de la totalidad de la deuda contributiva notificada. El cuestionamiento del método utilizado por el CRIM corresponde más bien al **fundamento** por el cual el contribuyente estima que solo una parte de la deuda notificada es correcta. Pagado el 100% de esa parte que estima correcta y el 40% del restante, no hay duda de que el contribuyente cumplió con el requisito de pago previo establecido en el Art. 3.48, conforme a nuestros pronunciamientos previos en Lilly del Caribe v. CRIM, 185 DPR 239 (2012). Como consecuencia, el Tribunal de Primera Instancia tiene jurisdicción sobre la materia para atender la demanda de impugnación de contribución sobre la propiedad.

Cónsono con ello, revocamos parcialmente la Sentencia emitida por el Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos. A continuación exponemos los hechos esenciales a la controversia que atendemos, así como el derecho aplicable a esta.

---

[1] 21 LPRA sec. 5098a.

**I**

Antes de hacer una relación de hechos, debemos aclarar que durante los años contributivos 2008-2009, 2009-2010, y 2010-2011 el CRIM emitió notificaciones de contribuciones sobre la propiedad las cuales fueron impugnadas por la compañía Lifescan Products, LLC (Lifescan). No obstante, la controversia que este Tribunal debe atender se circunscribe exclusivamente a la notificación correspondiente al año contributivo 2010-2011. Veamos.

Lifescan es una compañía subsidiaria de Johnson & Johnson dedicada a la manufactura y es dueña de ciertos inmuebles, incluyendo maquinaria y equipo en el Municipio de Aguadilla. El 1 de julio de 2010 el CRIM le cursó una notificación de contribución sobre propiedad inmueble para el año fiscal 2010-2011 por la cantidad de $343,551.42.

Conforme únicamente con una parte de la contribución impuesta, Lifescan presentó ante el CRIM una petición de revisión administrativa. Con su solicitud acompañó un pago por $187,443.01 desglosado de la forma siguiente: $83,370.79 por la cantidad que **Lifescan estimó correcta y con la cual estuvo conforme** más $104,072.22 equivalente al 40% de la contribución restante y con la cual estaba inconforme, según lo dispuesto en el Art. 3.48 de la Ley Núm. 83. El CRIM no contestó el petitorio de revisión administrativa dentro del término de 60 días establecido en el referido Art. 3.48 (a).

Ante la inacción administrativa, el 28 de octubre de 2010 Lifescan presentó una demanda de impugnación ante el Tribunal de Primera Instancia.[2] Argumentó, entre otras cosas, que el método de tasación utilizado por el CRIM para valorar la propiedad es contrario al principio constitucional de uniformidad en la imposición tributaria.[3] Esto debido a que incorpora un factor de modificación estático de 0.65 que no se ajusta a la realidad económica actual y al paso del tiempo y que además contraviene el Art. 3.08 de la Ley Núm. 83, supra.[4]

En respuesta a ello, el 21 de enero de 2011 el CRIM presentó una moción de desestimación. Sostuvo, entre otras cosas, que al cuestionar la fórmula de valoración de la propiedad se está impugnando la totalidad de la contribución impuesta. Por tal razón, afirmó que al pagar solo una parte de la contribución impuesta, Lifescan incumplió con el requisito jurisdiccional dispuesto en la ley para poder solicitar revisión administrativa e impugnación judicial. Por su parte, Lifescan se opuso a la desestimación y planteó que dado a que solo estaba

---

[2] En la demanda se presentaron dos reclamaciones, una concerniente al año contributivo 2009-2010 y otra relacionada al año 2010-2011. La reclamación del año contributivo 2009-2010 fue adjudicada por el Tribunal de Apelaciones y no forma parte de la revisión solicitada ante nos.

[3] Véase Apéndice de la Petición de certiorari, págs. 33-42.

[4] El Art. 3.08 de la Ley Núm. 83, supra, dispone que la clasificación y la tasación de la propiedad inmueble descrita en dicho artículo se efectuarán conforme a las normas de exactitud y detalles científicos de valoración adoptados por el Secretario de Hacienda. Además, que el CRIM procederá a hacer un plan que permita la revisión constante de la propiedad inmueble, a fin de mantenerla al día.

inconforme con una parte de la contribución impuesta no tenía que pagar la totalidad notificada.

El 26 de abril de 2011 el foro primario le ordenó al CRIM contestar ciertas interrogantes que ayudarían a resolver la moción presentada. El CRIM incumplió con la orden judicial por lo que el tribunal mediante resolución de 5 de octubre de 2011 declaró "no ha lugar" la moción de desestimación presentada por este.

Luego de varios trámites procesales, el 25 de septiembre de 2012 el Tribunal de Primera Instancia, en reconsideración, declaró con lugar la petición de desestimación.[5] Insatisfecho con ese dictamen, el 26 de noviembre de 2012 Lifescan acudió al Tribunal de Apelaciones. Así las cosas, el 10 de diciembre de 2013 el foro apelativo determinó que Lifescan no cumplió con el requerimiento de pagar la totalidad de la contribución impugnada.

Oportunamente, Lifescan presentó una solicitud de reconsideración parcial ante el Tribunal de Apelaciones la cual fue denegada. No conteste con el dictamen del foro apelativo, el 22 de abril de 2014, acudió ante nos mediante un recurso de *certiorari* y señaló la comisión de los errores siguientes:

> **Primer Error:** Erró el Tribunal de Apelaciones al concluir que Lifescan impugna la totalidad de la contribución impuesta por el CRIM con relación al año fiscal 2010-11 y que por ello, conforme a Lilly del Caribe v. CRIM, supra, venía obligada

---

[5] Véase Apéndice de la Petición de *certiorari*, págs. 319-345.

a pagar la totalidad de la contribución impuesta como requisito jurisdiccional para poder impugnarla. Lifescan no impugna la totalidad de la contribución impuesta y notificada, sino que no está conforme con una parte de la misma.

**Segundo Error**: Erró el Tribunal de Apelaciones al no revocar totalmente la Sentencia del Tribunal de Primera Instancia que ordena la desestimación. Conforme a las doctrinas de cosa juzgada e impedimento colateral por sentencia, las decisiones finales y firmes del Tribunal de Primera Instancia y el Tribunal de Apelaciones en el Segundo y Tercer caso, denegando los mismos fundamentos del CRIM para solicitar la desestimación en el presente caso, le impiden litigarlos nuevamente.

El 31 de octubre de 2014 ordenamos al CRIM y a su Director Ejecutivo, en su carácter oficial, mostrar causa por la cual no debiéramos expedir el auto solicitado. El 15 de diciembre de 2014 el CRIM compareció e invocó los mismos fundamentos que había presentado ante el Tribunal de Apelaciones. Tras la comparecencia de ambas partes, expedimos el recurso de *certiorari* y con el beneficio de los alegatos de ambas partes, resolvemos.

## II

### A

Reiteradamente hemos reconocido que los tribunales, al ejercer su función de interpretar una ley, debemos considerar el propósito o la intención de la Asamblea Legislativa al aprobarla. Así, como intérpretes finales de las leyes, tenemos la obligación de lograr un resultado que se ajuste al propósito y a la política pública que inspiró a la Asamblea Legislativa al momento de su promulgación, de manera que se viabilice el más fiel

cumplimiento de la finalidad de la medida. Const. José Carro v. Mun. de Dorado, 186 DPR 113, 126-127 (2012). Véanse, además, IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 738 (2012); Consejo de Titulares v. DACo, 181 DPR 945, 958 (2011).

En este renglón, y en el contexto particular de las leyes de carácter contributivo, hemos enfatizado que deben interpretarse restrictivamente. Es decir, sus disposiciones deben acogerse "de una forma justa, y a tenor con sus propios y expresos términos". Lukoil Pan Americas, LLC v. Mun. de Guayanilla, 2015 TSPR 39, pág. 9, 192 DPR ___ (2015); Pepsi-Cola v. Mun. de Cidra, 186 DPR 713, 738 (2012); Lilly del Caribe v. CRIM, supra, pág. 251; Yiyi Motors, Inc. v. E.L.A., 177 DPR 230, 250 (2009).[6] Ahora bien, hemos advertido que tal ejercicio restrictivo de interpretación no puede conllevar como resultado la evasión del pago del impuesto que la Asamblea Legislativa ha establecido mediante ley. COSVI v. CRIM, 2015 TSPR 78, pág. 6, 193 DPR __ (2015); Lilly del Caribe v. CRIM, supra, pág. 252; West India Oil Co. (PR) v. Sancho Bonet, Tes, 54 DPR 732, 744-745 (1939). Lo importante es armonizar hasta donde sea posible las disposiciones de ley aplicables al caso con miras a lograr un resultado sensato, lógico y razonable que preserve la intención del legislador. Ello, enmarcado en un reconocimiento de la

---

[6] Véase, además: R. Elfren Bernier y otros, *Aprobación e interpretación de las leyes en Puerto Rico*, San Juan, Pubs. J.T.S, 1987, pág. 464.

utilidad de cada una de las disposiciones de ley. ASG v. Mun. de San Juan, 168 DPR 337, 348 (2006); Talcott Inter-Amer. Corp. v. Registrador, 104 DPR 254 (1975). Con este marco interpretativo como norte, veamos las disposiciones de la Ley Núm. 83, supra, pertinentes a la controversia que nos presenta el recurso de autos.

B

La Ley Núm. 83, supra, le confirió a los municipios el poder y la facultad de tasar, imponer, notificar, determinar y cobrar las contribuciones sobre la propiedad.[7] A esos fines, el legislador le transfirió al CRIM todos los poderes, las facultades y las funciones relacionadas con las contribuciones sobre la propiedad mueble e inmueble en Puerto Rico.[8]

Posteriormente, mediante la Ley Núm. 135 de 11 de julio de 1998 (Ley Núm. 135), el legislador incluyó el Art. 3.48 al cuerpo de la Ley Núm. 83, supra, para establecer el procedimiento de revisión administrativa e impugnación judicial.[9] Este, en lo pertinente, disponía lo siguiente:[10]

> (a) Revisión administrativa. Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva emitida por el Centro de conformidad con las secs. 5076 y 5077 [Arts. 3.26 y 3.27] de este título, podrá solicitar por escrito una revisión administrativa donde se expresen las razones

---

[7] Véase Exposición de Motivos de la Ley Núm. 83, supra.
[8] Véase Art. 1.02 de la Ley Núm. 83, supra. (21 LPRA sec. 5001 nota).
[9] 13 LPRA secs. 10101 et seq.
[10] Este artículo fue enmendado posteriormente mediante la Ley Núm. 71-2010. Para una mayor discusión sobre las implicaciones de esta enmienda, véase, COSVI v. CRIM, supra.

para su objeción, la cantidad que estime correcta e incluir, si lo entiende necesario, la evidencia o documentos correspondientes, dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 de este título, siempre y cuando el contribuyente, dentro del citado término:

(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

(2) pague al Centro de Recaudación la totalidad de la contribución impuesta.

El contribuyente que solicite una revisión administrativa, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la sec. 5093 de este título, excepto cuando pague la totalidad de la contribución impuesta dentro de los términos prescritos por ley para tener derecho al descuento.

... Cuando la decisión sea favorable [al contribuyente], el Centro vendrá obligado a devolver al contribuyente la parte de la contribución cobrada en exceso, con los intereses correspondientes desde la fecha de pago de la contribución revisada.

El procedimiento de revisión administrativa deberá completarse como requisito previo para que un contribuyente que no estuviere conforme con la decisión sobre imposición contributiva la impugne, según lo dispone el inciso (b) de esta sección.

(b) Impugnación judicial. Si el contribuyente no estuviere conforme con la notificación de la imposición contributiva realizada por el Centro, de conformidad con las secs. 5076 y 5077 [Arts. 3.26 y 3.27] de este título y el inciso (a) de esta sección, podrá impugnar la misma ante el Tribunal de Primera Instancia dentro del término de treinta (30) días calendarios, a partir de la fecha de depósito en el correo de la notificación provista por las secs. 5076 y 5077 [Arts. 3.26 y 3.27] de este título, siempre y cuando dicho contribuyente, dentro del citado término:

(1) Pague al Centro de Recaudación la parte de la contribución con la cual estuviere conforme y cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere conforme, o;

(2) pague al Centro de Recaudación la totalidad de la contribución impuesta.

Tanto la presentación de la impugnación, como el pago de la contribución impuesta, ya sea en su totalidad o en la parte con la cual se estuviere conforme, así como el pago del cuarenta por ciento (40%) de la parte de la contribución con la cual no se estuviere conforme, dentro del término dispuesto, se considerarán de carácter jurisdiccional.

... Si la decisión del tribunal fuere favorable al contribuyente y éste hubiere pagado la contribución impugnada en o con posterioridad a lo establecido en esta sección, dicha decisión dispondrá que se devuelva a dicho contribuyente la contribución o la parte de ella que estimare el tribunal fue cobrada en exceso, con los intereses correspondientes por ley, computados desde la fecha de pago de la contribución impugnada.

Ahora bien, el contribuyente que desee impugnar la imposición contributiva, según se dispone en esta sección, no podrá acogerse al descuento por pronto pago dispuesto en la sec. 5093 [Art. 3.43] de este título, excepto que pague la totalidad de la contribución impuesta e impugnada dentro de los términos prescritos por ley para tener derecho al descuento. (Énfasis nuestro).[11]

---

[11] Cónsono con lo anterior, el Reglamento 7221 de 19 de septiembre de 2006, en su Artículo IX, dispone lo siguiente:

Conforme lo dispuesto en el Artículo 3.48 de la Ley Núm. 83-1991, supra, el Contribuyente que no estuviere conforme con la notificación de la imposición de la contribución o la notificación de cambio en la valoración según los Artículos 3.26 y 3.27 de la Ley Núm. 83-1991, supra, podrá solicitar por escrito al Centro Regional del CRIM correspondiente al municipio donde ubique la propiedad inmueble que contiene la solicitud de revisión o, en los casos correspondientes, a la Oficina Central del CRIM, conforme lo contemplan los Artículos V, XII, XV y XVI de este Reglamento, una revisión administrativa dentro del término jurisdiccional de treinta (30) días calendarios, contados a partir de la fecha de depósito en el correo de la referida notificación siempre y cuando el

El propósito de esta enmienda fue proveer un proceso dirigido a "**disuadir que un contribuyente impugn[e] la totalidad del tributo, aunque únicamente estuviera en desacuerdo con una parte**".[12] El legislador señaló expresamente el efecto negativo que tiene en las arcas públicas el que los contribuyentes "intenten dilatar y evadir el pago de las contribuciones inmuebles mediante revisiones administrativas e impugnaciones judiciales".[13]

Un examen del historial legislativo de la Ley Núm. 135 que incorporó el Art. 3.48 así lo confirma. Específicamente, el Informe sobre el P. de la C. 1543, explica el propósito del requisito jurisdiccional de pago previo de la contribución inmueble anual. Este expresa lo siguiente:

> Contribuyente, dentro del referido término de treinta (30) días:
>
> 1.    pague al CRIM la parte de la contribución anual con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución anual con la cual no estuviere conforme; o
>
> 2.    pague al CRIM la totalidad de la contribución anual impuesta para el referido año fiscal, según dispone el Artículo 3.48 de la Ley Núm. 83-1991, supra.
>
> El pago de la contribución del modo aquí dispuesto constituirá un requisito jurisdiccional para la presentación de una solicitud de revisión administrativa, según dispuesto por la Ley Núm. 83-1991, supra y este Reglamento.
>
> Solicitudes presentadas fuera del término provisto por la Ley Núm. 83-1991, supra y el presente Reglamento o sin que se hubiese efectuado el pago de contribución requerido por el Artículo 3.48 de la Ley Núm. 83-1991, supra y este Artículo, se entenderán denegadas de plano, sin que para ello se requiera notificación al Contribuyente al respecto.

---

[12] Lilly del Caribe v. CRIM, supra, pág. 251.(Énfasis suplido).
[13] Íd.

... Además se establece que durante ese término, el contribuyente deberá pagar la parte de la contribución con la cual estuviere conforme y un cuarenta por ciento (40%) de la parte de la contribución con la cual no estuviere de acuerdo o, en su lugar, la totalidad de la contribución impuesta garantiz[á]ndosele el rembolso total de la misma, en caso de prevalecer en su reclamación. También se dispone que cuando se pague parte de la contribución, el contribuyente no se podrá acoger al descuento por pronto pago dispuesto en el Artículo 3.43.

Estas disposiciones uniforman el procedimiento de cobro de las contribuciones a los establecidos en el caso de impugnación ante el Tribunal de Primera Instancia, para que el CRIM pueda cumplir con su deber ministerial de distribuir a los municipios la parte cobrada. Esto es necesario, ya que en la práctica los contribuyentes obvian el proceso de revisión administrativo recurriendo directamente a los Tribunales y dejando de pagar la contribución impuesta hasta tanto el Tribunal emita su decisión sobre el caso. Lo anterior afecta los ingresos que reciben los municipios por este concepto sobre todo, cuando conscientes del proceso de revisión administrativa [el] contribuyente acude al Tribunal como subterfugio para dejar de pagar sus contribuciones. Por tanto, se establece un remedio administrativo que el contribuyente deberá agotar antes de proceder a la impugnación de la imposición contributiva ante un Tribunal.[14]

Nótese que el Art. 3.48 establece dos escenarios. Primero, cuando el contribuyente tiene que pagar la totalidad de la contribución notificada al no estar de acuerdo con esta. Segundo, si el contribuyente está en desacuerdo parcialmente con la deuda notificada, debe pagar la cantidad que estima correcta más el 40% de la cantidad restante. Si el ciudadano no paga la contribución

---

[14] Véase Informe de la Comisión de Asuntos Municipales y de la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 1543, 13ra Asamblea Legislativa, 3ra Sesión Ordinaria, 12 de junio de 1998, pág. 2.

en su totalidad no puede acogerse al diez (10%) porciento de "pronto pago" que contempla el Art. 3.43 de la Ley Núm. 83, supra.[15] Así lo aclaramos en Lilly del Caribe v. CRIM, supra, pág. 253 y en Shell v. Srio de Hacienda, 187 DPR 109, 128 (2012).

Tal y como señaláramos en Lilly del Caribe v. CRIM, supra, la Asamblea Legislativa creó un mecanismo de carácter jurisdiccional para que un contribuyente promueva su acción impugnatoria solo cuando tiene bases sólidas.[16] Además, concedió un proceso administrativo que cumple con el debido proceso de ley al permitirle a este ejercer su derecho a ser oído y presentar evidencia.[17] Es decir, del texto de la ley no se desprende que el contribuyente tenga que presentar un fundamento concreto para ejercer su derecho de impugnar la notificación de la imposición de la contribución. Así pues, expuesto el derecho aplicable pasemos a resolver la controversia que nos ocupa.

III

En esencia, la posición de la peticionaria es que cuestionar la metodología de valoración utilizada por el CRIM, no significa que impugna la totalidad de la contribución impuesta, sino que solicita una revaloración

---

[15] Lilly del Caribe v. CRIM, supra, pág. 253.

[16] Recientemente, en COSVI v. CRIM, supra, reiteramos que el procedimiento de revisión administrativa, incluyendo el pago correspondiente, constituye un requisito jurisdiccional, aun luego de las enmiendas introducidas al Art. 3.48 mediante la Ley Núm. 71-2010.

[17] Del Informe de la Comisión de Asuntos Municipales y de la Comisión de Hacienda de la Cámara de Representantes sobre el P. de la C. 1543 se desprende que el propósito de la Ley Núm. 135, supra, fue salvaguardar los derechos de los contribuyentes.

de la propiedad y que su valor sea reducido para fines tributarios, ya que el método de valoración no sigue la norma de uniformidad ni se sigue la revisión periódica de los valores de las propiedades requerida por ley. Por su parte, la posición del CRIM es que el cuestionamiento de la fórmula para valorar la propiedad implica cuestionar la totalidad de la contribución impuesta. Por lo tanto, aduce que para poder impugnar la contribución impuesta Lifescan estaba obligada a pagar la totalidad y no una parte.

Como observamos, Lifescan está conforme parcialmente con la contribución notificada por el CRIM, porque entiende que este último utilizó una metodología incorrecta y contraria a la ley para calcular el valor de su propiedad. A raíz de ello, presentó una solicitud de revisión administrativa junto a la cual pagó el 100% de la parte de la deuda con la cual estaba conforme y el 40% de la cantidad restante que entendía era incorrecta. Ello, conforme a los requisitos establecidos en el Art. 3.48 de la Ley Núm. 83, supra. Transcurrido el término para que el CRIM atendiera el referido petitorio de revisión administrativa, Lifescan acudió al Tribunal de Apelaciones mediante una demanda de impugnación de contribución.

Así las cosas, el CRIM sostiene que el foro primario no tiene jurisdicción para atender la mencionada demanda de impugnación, ya que Lifescan incumplió con el requisito de pago previo establecido en el Art. 3.48 de la Ley Núm. 83, supra. De acuerdo a la entidad administrativa, el

cuestionamiento de Lifescan sobre su método de valoración de la propiedad equivale a una impugnación de la totalidad de la deuda contributiva notificada, por lo que le correspondía pagar el 100% de esta para entonces tener derecho a solicitar una revisión administrativa y eventualmente presentar una demanda de impugnación ante los tribunales. Ciertamente, esta última interpretación no es sostenible a la luz de las disposiciones de la Ley Núm. 83, supra, y nuestros pronunciamientos anteriores.

Según reseñáramos en la sección anterior, la Ley Núm. 83, supra, específicamente establece qué opciones tiene el contribuyente cuando no está conforme con la deuda contributiva notificada por el CRIM e interesa solicitar una revisión administrativa. Ahora bien, es importante notar que las disposiciones de esta legislación expresamente establecen que tal inconformidad por parte del contribuyente puede reflejarse de dos maneras. El contribuyente bien podría estar inconforme con parte de la deuda notificada, o bien podría estar inconforme con la totalidad de la deuda. Bajo cualquiera de esos escenarios, la ley establece un requisito de pago previo cuya cantidad va a depender de si el contribuyente está inconforme con una parte o con la totalidad de la deuda.

En ese sentido, reiteradamente hemos establecido que si el contribuyente está inconforme con la totalidad de la contribución notificada, deberá pagar el 100% de esta como requisito previo para la aceptación de la revisión

administrativa. No obstante, si este está inconforme únicamente con parte de la deuda notificada, su pago previo a la solicitud de revisión administrativa corresponderá al 100% de la parte de la deuda con que esté conforme y el 40% del restante de la deuda con la cual está inconforme.

Este segundo escenario fue lo que, precisamente, aconteció en el presente caso. El CRIM le notificó a Lifescan una deuda contributiva sobre su propiedad inmueble para el año fiscal 2010-2011 por la cantidad de $343,551.42. Lifescan estuvo conforme parcialmente con esa deuda porque entendía que el CRIM había utilizado un método incorrecto para valorar su propiedad. En ese sentido, entendió que la contribución sobre su propiedad inmueble para ese año fiscal debía ser de $83,370.79. Siendo así, presentó una solicitud de revisión administrativa, la cual acompañó con un pago por $187,443.01 que correspondían a los $83,370.79 que Lifescan entendía que era la cantidad correcta a pagar más $104,072.22 equivalentes al 40% de la cantidad restante notificada por el CRIM y con la cual Lifescan no estaba conforme (40% de $260,180.63). El único argumento que nos presenta el CRIM para impugnar ese pago emitido por Lifescan es que este es insuficiente, ya que le correspondía pagar la totalidad, es decir, los $343,551.42. Esto porque, según arguye, el cuestionamiento

del método de valoración constituye una impugnación de la totalidad de la deuda notificada.

En este punto es importante aclarar varios asuntos. En primer lugar, y en abstracción del contenido de la Ley Núm. 83, supra, **toda impugnación de una deuda contributiva notificada por el CRIM, técnica e inevitablemente, conlleva un cuestionamiento del número total impuesto**. Esto porque ya sea que el contribuyente esté inconforme con la cantidad total en sí o ya sea que el contribuyente esté inconforme con parte, **ambos escenarios reflejan inconformidad con la totalidad**. Es decir, el contribuyente entiende que la cuantía que notificó el CRIM no es la correcta.

Ahora bien, las disposiciones específicas de la Ley Núm. 83, supra, no brindan espacio para esta simple y llana explicación, toda vez que ello convertiría en letra muerta una de las opciones incluidas por el legislador. Después de todo, la Asamblea Legislativa fue clara en su intención de brindarle al contribuyente dos opciones: una opción si estaba impugnando la totalidad de la deuda y otra opción si estaba impugnando únicamente parte de esta; y acogerse al beneficio del descuento dependiendo de la opción elegida.

En segundo lugar, contrario a lo ocurrido en el caso de Lilly del Caribe v. CRIM, supra, y Shell v. Srio. de Hacienda, supra, Lifescan no ha expresado que está inconforme con toda la deuda contributiva impuesta por el

CRIM, sino todo lo contrario. La compañía reconoce que parte de esa deuda es correcta y, de hecho, emitió un pago correspondiente a esa cantidad. Empero, impugna el resto de la deuda notificada porque entiende que el método de valoración utilizado por el CRIM es incorrecto y contrario a la ley. En ese sentido, debe quedar claro que el método de valoración que utiliza el CRIM para tasar las propiedades no está en controversia ante nuestra consideración. Lo que debemos resolver en este caso es si un contribuyente que impugna solo una parte de la contribución está obligado a pagar la totalidad por el hecho de que **la razón** por la cual está inconforme es por el método que se utilizó para valorar la propiedad.

Al examinar las disposiciones legales pertinentes, podemos concluir que, en el contexto particular de la Ley Núm. 83, un contribuyente que esté en desacuerdo con el método de valoración no significa que esté inconforme con la totalidad de la contribución impuesta. El Art. 3.48 de la Ley Núm. 83, supra, le da dos opciones al contribuyente que desee impugnar la contribución impuesta. Dentro del contexto de esa disposición legal, cuando un contribuyente está inconforme únicamente con una parte de la contribución, tiene la opción de pagar la parte con la cual está conforme más el 40% para los efectos de iniciar el proceso de revisión administrativa. Esto independientemente del fundamento por el cual esté inconforme con la porción contributiva que impugna.

Como es sabido, el cobro de contribuciones por el Estado no es irrestricto. Carazo v. Srio de Hacienda, 118 DPR 306, 309 (1987). Es evidente que el Art. 3.48 de la Ley Núm. 83, supra, no contempla la interpretación que pretende establecer el CRIM en cuanto a que para impugnar el método de valoración tenía que pagar la totalidad de la contribución impuesta. Como hemos visto, Lifescan no está cuestionando la imposición de la contribución por parte del CRIM, su contención es que no está conforme con parte de la deuda porque el método que utilizaron para valorar su propiedad no es el correcto.

Luego de armonizar las distintas disposiciones tributarias podemos colegir que el propósito de la legislación que incorpora el Art. 3.48 a la Ley Núm. 83, supra, responde al deseo de la Asamblea Legislativa de establecer un procedimiento de impugnación de las contribuciones sobre la propiedad inmueble y que el contribuyente tuviera un medio para solicitar una revisión de la contribución impuesta.[18]

En este sentido razonamos que impugnar el método de valoración utilizado por el CRIM para imponer contribuciones sobre la propiedad inmueble no implica estar en desacuerdo con la totalidad de la contribución impuesta. Es decir, **lo que se cuestiona es la fórmula de la valoración y no la imposición de la contribución.** Por consiguiente, resolvemos que Lifescan no evadió su

---

[18] Véase el Informe sobre el P. de la C. 1543 de 12 de junio de 1998.

responsabilidad de pagar la contribución que entendió correcta más el 40% de la contribución con la cual no estaba de acuerdo tal y como lo exige la legislación vigente.

Finalmente, por entender que no es pertinente al caso, no entraremos a dirimir la controversia sobre cosa juzgada bajo la modalidad de impedimento colateral por sentencia.

IV

Por los fundamentos que anteceden, resolvemos que erró el Tribunal de Apelaciones al confirmar la sentencia apelada en lo que respecta a la reclamación del año contributivo 2010-2011. En consecuencia, resolvemos que no procedía la desestimación de la reclamación, ya que Lifescan cumplió con los requisitos jurisdiccionales dispuestos en el Art. 3.48 de la Ley Núm. 83, supra, al presentar su reclamación a tiempo y pagar la totalidad de la contribución con la cual estaba conforme y el 40% de la parte con la que no estaba de acuerdo, según lo establece la Ley Núm. 83. Por consiguiente, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí pautado.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lifescan Products, LLC

    Peticionaria

    v.

Centro de Recaudación de
Ingresos Municipales y
Gloria Santos Rosado, en
su carácter oficial como
Directora Ejecutiva del
centro de recaudación de
Ingresos Municipales

    Recurridos

CC-2014-0321   *Certiorari*


**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2015.

Por los fundamentos antes expuestos, se revoca parcialmente la sentencia emitida por el Tribunal de Apelaciones en lo que respecta a la desestimación de la reclamación presentada por Lifescan Products, LLC en cuanto al año contributivo 2010-2011. Como consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí pautado.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Presidenta señora Fiol Matta concurrió sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez disintió sin opinión escrita.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo